Anderson, J.,
delivered the opinion of the court.
*693 The court is of opinion, that the plaintiff, Samuel H. Nash, fairly purchased the lands in question from the defendant William Nash, as evidenced by the paper made an exhibit in the cause, beating date March 81st, 1851, and marked (A); that he was let into possession, and continued in the quiet and peaceable possession of the same, under his said contract, from the date of his purchase until the bringing of this suit; that he had fully paid the purchase money at the date of his contract, and is entitled to a conveyance of the title from the said Wm. Nash. And consequently that there is no error in the interlocutory decree of the 10th of March, 1874, as between the plaintiff and the defendant Wm. Nash; and in this respect it must be affirmed.
The court is further of opinion, that there is no error in the decree, so far as it ascertains the balance due of the debt of Wm. Nash to John M. Preston, which he undertook to secure by the deed of trust, and to that extent, and in that respect, it is also affirmed.
But the decision that the deed of trust has priority over the contract of sale to Samuel H. Nash involves the decision óf questions which were not put in issue by the pleadings, or so vaguely and uncertainly, as not to inform the opposite party of what were the issues between them, so that he might prepare his case in a way to secure a full investigation by the court, and a decision according to the very right of the case, ■and which would do justice to all concerned.
The bill does not allege in terms that the plaintiff had no knowledge of the then unrecorded deed of trust when he purchased the lands, though it might be •construed as virtually making such averment. And it ' ■is not affirmatively averred in either of the answers *694 that he had such notice, so as to put that matter im issue. So that the proof upon that important question, which was given by both parties, was upon matter which was not in issue.
Again, the bill does not allege that the plaintiff had possession under his contract, though there is proof' of it in the record. It alleges, substantially, payment of the purchase money; but does not allege notice to Bekem, the trustee, or to the beneficiaries of the trust deed, when they had it recorded, of the prior sale to him of the lands in question. Bor does he allege that he had held such possession and improvement of the-lands from 1851, the date of his purchase, until the recording of the deed of trust, on the 7th of September, 1858, and thereafter, as would charge the trustee and the beneficiaries of the trust, with notice of his. prior equities.
It is true that C. S. Bekem, and B. H. Lynch and James W. Preston, administrators, in their answers, virtually deny notice at the recordation of the deed of' trust, of the prior contract of sale to the plaintiff; but notice not having been charged in the bill, and especially as the bill only specifically seeks to require the trust creditors to subject the lands in Scott county,, which were not a part of his purchase, but which were conveyed by the deed of trust, before they undertook to subject the lands which he had purchased, to the-payment of the trust debt, the trustee and trust creditors might well have inferred that it was not the purpose of the plaintiff, in this suit, to set up his contract of purchase against their deed of trust.
The plaintiff alleges in his bill, which doubtless he then believed, that the Scott lands were enough to pay the trust debt. And consequently he did not deem it necessary to litigate the question of priority of right *695 between him and the trustee as to the lands he had purchased. But it turns out in the progress of the cause, that the trust debt was much larger than he supposed, and that the sum realized from the sale of the Scott lands fell greatly short of his estimate, or of paying the debt. (This is not surprising, when we consider the extraordinary disturbances and revulsions to which this country has been subjected since his bill was filed in 1861, and which have greatly depreciated the values of real estate.) The Scott lands proving so insufficient, and .the defendants renewing their efforts, and purposing to subject the lands which the plaintiff had purchased (which seems to have been suspended), to the payment of the large arrearage of their debt, he was forced- to go into this litigation or to surrender his purchase. He seeks, therefore, upon the proofs in the cause, to establish a preference for his contract of purchase over the subsequently recorded deed of trust. Whether he can, upon the prayer for general relief, without an amendment of the pleading we deem it unnecessary to decide, in view of the conclusion we have reached, as to the proper disposition of the case. If he could, it seems to the court, that it might be a surprise to the trustee and the beneficiaries under the deed of trust; and that, on the other hand, it would be unjust to the plaintiff, under the circumstances of this case (which have been merely glanced at), to deny to him the privilege of litigating the question of priority of the deed of trust over his purchase.
As to that question, the court deems it improper to intimate an opinion until the question has been fairly put in issue, and each party has had an opportunity to fully prepare and mature his case. As the case now *696 stands, a decision might do injustice to one or the other of the parties.
The court is of opinion, therefore, to reverse and set aside that part of the decree which decides that the trust deed has priority over the contract of purchase, and which dissolves the injunction and directs a sale of the lands in question, and to remand the cause to the circuit court, with instructions to’allow the plaintiff to file an amended and supplemental bill, if he desires it, in which to put fairly and directly in issue, the matters hereinbefore adverted to, or any other matters deemed important by the plaintiff, and which are proper; and also to allow the defendant, Bekem, trustee, and the beneficiaries of the trust, to make any amendment to their answers which they may desire and which may be proper; and for further proceedings to. be had therein in order to a final decree.
The decree was as follows:'
The court, having maturely inspected the record in this cause, for reasons stated in writing and filed with the record, doth affirm so much of the interlocutory decree of the 10th of March 1874 as confirms the sale of the lands in question by William Nash, one of the defendants, to Samuel H. Nash, the plaintiff; declares that the whole of the purchase money had been paid at the date of the contract of sale, and that the plaintiff is entitled to a conveyance of the title to said lands from the said William H. Nash; and also so much of said decree as ascertains the balance due of the debt from William Nash to John M. Preston, which the deed of trust in question was given to secure. And the court *697 being further of opinion that under the pleadings the •cause was not in a condition to decide the question of priority of right under the deed of trust and the contract of purchase, so as to secure a fair and just decision thereof between the parties, it is adjudged, ordered and decreed, that so much of said interlocutory decree as decides that the deed of trust had priority, dissolves the injunction, and directs the sale of the land, be reversed and annulled; and that the appellees pay to the appellant bis costs expended in the prosecution of his appeal here; and that "the cause be remanded to the circuit court, with instructions to allow the plaintiff, if he desires it, to file an amended and supplemental bill in which to put in issue the question aforesaid and any other matters which may be proper and relevant, and to allow the defendants, or either of them, to file amended answers, to put in issue any other matters which they may desire and which may be deemed proper and relevant, and for further proceedings to be had therein in order to a final decree.
Decree reversed.