IN THE

# SUPREME COURT OF APPEALS

OF

# VIRGINIA.

---

### 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### PRESTON'S ADM'R v. NASH.

### Absent, *Moncure*, P.

### August 11th, 1881.

PRIORITIES—*Unrecorded trust deed—Purchaser for value without notice—Case at bar.*

In April, 1850, W N conveyed real estate to secure debt to P, but the deed was not recorded until 1858. In March, 1851, W N sold same estate to S H N, who took and held possession continuously and notoriously, under his contract, from the date of his purchase, and paid the price, but received no conveyance ; and had no notice of the trust deed until March, 1861, when the trustee advertised the sale thereof. S H N enjoined the sale. Court below decreed that the contract of purchase had priority over the deed of trust, and perpetuated the injunction. On appeal—

HELD (*by whole court*):

> The purchaser hath priority over the creditor, under the circumstances of this case, and the decree should be affirmed.

HELD (*by Christian and Anderson, J's*):

> 1. Under Code 1873, ch. 114, § 5, it is not necessary that a purchaser for value, claiming against an unrecorded deed of trust, should have taken a conveyance of the legal title ; it is sufficient if he has the best right to call for it. *Doswell* v. *Buchanan's ex'ors*, 3 Leigh, 365, criticised.

2. A *complete purchaser* is one who has paid the purchase money, and who, though he has not received a conveyance of the legal title, *is entitled to call for it.*

HELD (*by Staples and Burks, J's*):

The trust creditor P is equitably estopped by his conduct from setting up the lien of the trust deed against S H N; and whilst they reached the same results as were reached by Christian and Anderson, J's, they did so by a different process of reasoning.

This is the sequel of the case reported in 28 Gratt. 686, under the title of *Nash* v. *Nash and als.* And it is the same case which is reported in 1 Matthews (75 Va.), 949. It is re-reported in this volume at the instance of Staples and Burks, J's, for reasons which are indicated at the conclusion of Judge Christian's opinion. For the facts see the said opinion and the note of Judge Staples.

*John A. Buchanan,* for appellant.

*Henry & Graham,* for appellee.

CHRISTIAN, J. This case is before us on an appeal from a decree of the circuit court of Russell county. It comes up to this court for the second time. The original bill was filed for specific performance of a contract entered into between Samuel H. Nash and William Nash. The main question in controversy in that case was whether Samuel H. Nash, upon the pleadings and evidence then in the cause, had made a valid contract of purchase; had paid all the purchase money, and was entitled to a conveyance of the legal title. The circuit court held that there was a valid contract; that the purchase money had all been paid, and that Samuel H. Nash was entitled to a specific performance; but also held that a deed of trust executed by William Nash to Beckem, trustee, to secure Preston a debt due by him, William Nash, had priority over Samuel H.

Nash's contract of purchase. This court affirmed the decree of the circuit court so far as that court held that Samuel H. Nash was, as against William Nash, entitled to specific performance of his contract, and reversed so much of said decree as declared that the deed of trust to secure Preston's debt had priority over Nash's contract of purchase; and the cause was remanded with leave to the plaintiff to amend his bill, and to the defendants to amend their answers so as to put fairly in issue the priority of right as between the contract of purchase of Samuel H. Nash from William Nash and the deed of trust executed by William Nash to Beckem, trustee, to secure Preston's debt.

The case is reported in 28 Gratt. 686. Judge Anderson, delivering the unanimous opinion of the court, said: "The court is of opinion that the plaintiff, Samuel H. Nash, fairly purchased the land in question from the defendant, William Nash, as evidenced by the paper made an exhibit in the cause * * *; that he was let into possession and continued in the quiet and peaceable possession of the same under his said contract from the date of his purchase until the bringing of this suit; that he had fully paid the purchase money at the date of his contract, and is entitled to a conveyance of the title from the said William Nash."

The court accordingly entered its decree, affirming so much of said decree of the circuit court as confirmed the sale of the land by William Nash to Samuel Nash, and as declares that the whole of the purchase money had been paid, and that the plaintiff was entitled to a conveyance of the title to said lands from William Nash, and also so much of said decree as ascertains the balance of the debt from William Nash to John M. Preston. But the court, "being further of opinion that under the pleadings the cause was not in a condition" (for the court) to decide the question of priority of right under the deed of trust and the contract of purchase so as to secure a fair and just de-

cision thereof between the parties, it is adjudged, ordered and decreed that so much of the interlocutory decree as decides that the deed of trust has priority, dissolves the injunction, and directs a sale of the land, be reversed and annulled, * * * * and that the cause be remanded to the circuit court, with instructions to allow the plaintiff, if he desires it, to file an amended and supplemental bill, in which to put in issue the question aforesaid, and any other matters which may be proper and relevant, and to allow the defendants, or either of them, to file amended answers—to put in issue any other matters which they may desire and which may be deemed proper and relevant, and for further proceedings to be had therein in order to a final decree. See *Nash* v. *Nash*, 28 Gratt. 686.

When the case went back to the circuit court an amended and supplemental bill was filed by Samuel H. Nash, and was answered by Preston, who held as security for his debt the trust deed executed by William Nash to Beckem, trustee, and also by the personal representative of Beckem, who had died before the amended bill was filed.

Upon these pleadings the sole question (all the other questions arising in the original suit having been settled in this cause in *Nash* v. *Nash et als., supra*), before the circuit court was, Which has priority, Preston, the creditor of William Nash, secured by the deed of trust to Beckem, trustee, or Samuel Nash, the purchaser?

The circuit court held that Samuel Nash's contract of purchase had priority over the deed of trust to Beckem, and perpetuated the injunction forbidding the trustee to sell the land for the payment of Preston's debt. It is from this decree that an appeal was allowed by one of the judges of this court.

The case presents a single question, but one of great interest and importance. That question is, Who is entitled

to priority upon the facts of the case, the creditor or the purchaser?

First. It is important to state briefly the conceded facts in this case. We are saved from any embarrassment in this respect by the former case, in which all questions of fact were settled. They are briefly stated as follows:

Samuel Nash purchased of his brother, William Nash, certain lands in the county of Russell in March, 1851. No conveyance of the title was made, but a paper very inartificially drawn was delivered to Samuel Nash signed by William Nash. Samuel Nash paid the whole of the purchase money, and was in the exclusive, open and notorious possession of the land, cultivating it and using it as his own. Having paid all the purchase money, he frequently applied to his brother for a deed. No deed was made. In April, 1850, William Nash executed a deed of trust to Beckem, trustee, to secure John M. Preston a debt of $7,283.34. This deed was not recorded until the 30th April, 1858. There is no sufficient or reliable proof to show that Samuel Nash had any notice of the existence of this deed. On the contrary it is plain from the record that he knew nothing of its existence until the land was advertised to be sold by the trustee. From March, 1851, when Samuel Nash purchased the land, up to 1858, when the deed was recorded, he had no knowledge of any such deed or of any claim of any human being to the land he had purchased and paid for, and of which he held the exclusive possession openly and notoriously as its owner, cultivating it and using it as his own property, which he had bought and paid for.

Upon these facts, already determined by adjudication of this court in this case, the question and the only question we need have to decide is, Which is entitled to priority, the contract of purchase between Samuel and William Nash, or the deed of trust made by the latter conveying the land to Beckem, trustee, to secure Preston's debt?

While the deed of trust was executed before the contract of purchase, it was not recorded until several years afterwards.

Under our statute known as the registry act (§ 5, ch. 114, Code 1873), an unrecorded deed is declared void as to creditors and to subsequent purchasers without notice. It is said, however, and the stress of the argument in this case is laid on this point, that under this sentence the purchaser, to avail himself of the benefit of this statute, must be a complete purchaser; and that to constitute a complete purchaser, the party must not only have paid the purchase money, but must have received a conveyance of the legal title. Very high authority is invoked for this principle.

The distinguished professor of law at the University of Virginia, whose opinions and utterances upon all legal questions are entitled to and always receive high consideration from this court and the profession generally, thus lays down, in very emphatic language, the principle contended for by the learned counsel for the appellant.

In 2 Minor's Inst. p. 877, the learned author says: The subsequent purchaser, in order to be protected, must be a complete purchaser, who before notice has both paid the purchase money and taken a conveyance. The authorities are emphatic in declaring that in order to be protected, the subsequent purchaser, before he received notice of the prior unrecorded conveyance, must have received his conveyance and paid the whole of the purchase money.

For this doctrine, stated in this form, the learned author cites two Virginia cases, viz: *Doswell* v. *Buchanan's Ex'ors*, 3 Leigh, 381, 383–4, and *Mutual Association Society* v. *Stone et als.*, 3 Leigh, 235. He also cites two English cases, 3 Pickerell, 307, and 1 Atk. 384, to which I have not access here, and I deem it necessary to refer only to the Virginia cases, which I have read with great care, as it is upon these especially that Professor Minor founds his emphatic declara-

tion that a complete purchaser is one who has not only paid the whole of the purchase money, but has received a conveyance of the legal title.    The first case cited (*Doswell* v. *Buchanan,* 3 Leigh, *supra*) was decided by a court of three judges.  This court at that time was composed of five judges, as now—Tucker, president; Brooke, Cabell, Carr and Green.

When the case was decided Tucker (president) and Brooke were absent, so that the case was decided by three judges. They each delivered separate opinions.  The reporter, in his synopsis of the case, states what Judge Carr said as the decision of the court—to-wit: "To sustain a plea of purchase without notice the party must be a complete purchaser before notice—that is, must have obtained a conveyance and paid the whole of the purchase money." Now, although the reporter (Mr. Leigh), usually so accurate and so learned a lawyer, gives this as the principle decided in the case, it was only the utterance of Judge Carr. Neither Judge Green nor Judge Cabell concurred in this view.  On the contrary, these opinions plainly show that they did not concur with Judge Carr in the broad principle laid down by him and adopted by the distinguished reporter, Mr. Leigh, that a complete purchaser is one who has paid the whole of the purchase money and received a conveyance of the legal title.

On the contrary, Judge Green said if the defence made by Doswell that he was a *bona fide* purchaser from Hopkins without notice of Buchanan's lien, and that he had fully paid the purchase money before he received actual notice of that lien, had been supported by clear proof, I should have thought the decree should be reversed and the bill dismissed.  In that case it is not necessary to prove that the purchaser has actually procured a perfect legal title in order to protect himself against any relief against him in a court of equity, whose maxim is that it will act in no

way against a *bona fide* purchaser without notice to expose even his want or defect of title, and in short will not permit any inquiry to be there prosecuted in respect to the particulars or lawfulness of his title.

Judge Cabell manifestly did not concur with Judge Carr, for after an elaborate discussion of another branch of the case, he says, in conclusion: "If, however, I had concurred with the other judges as to the effect of the recording the deed of trust, I should then have been of opinion that Doswell ought to be protected, not only in case of his having paid the whole of the purchase money before he received actual notice of the actual existence of the deed, but in case he made only partial payments before such notice, that he should be protected to the extent of such payment." Now, surely this case is no authority for the emphatic declaration of the doctrine that a complete purchaser under the statute must be one who has not only paid the whole of the purchase money but has obtained and received a conveyance of the legal title; but is, I think, authority for the contrary doctrine, that the subsequent purchaser who has paid the purchase money, although he has not received a conveyance of the legal title, will be protected in a court of equity.

Now, as to the case of the *Mutual Assurance Society* v. *Stone*, 3 Leigh, *supra*, Judge Tucker (who was absent when the case of *Doswell* v. *Buchanan* was decided) said (and this declaration of the president of the court is adopted by Mr. Leigh, the reporter, as the principle decided in that case): "He, the subsequent purchaser, must however have obtained the legal title or must show that though posterior in time he has the best right to call for the legal title." Mr. Leigh accordingly states the principle in his synopsis of the case to be this: "Upon a plea of purchaser without notice, if the purchaser has paid the whole of the purchase money, though he has not got a conveyance of the legal title, yet

if he has acquired the preferable right to call for the legal estate, he is a complete purchaser entitled to avail himself of the defence."

These two Virginia cases certainly do not support the proposition that a complete purchaser is one who has not only paid the purchase money, but received a conveyance of the legal title. The proposition assumed by Judge Tucker and adopted by Mr. Leigh that he who has paid the purchase money and is entitled in a court of equity to call for a conveyance of the legal title is a complete purchaser, is sound law and supported by the highest authority not approved (but I think confirmed) by the Virginia cases above cited.

Indeed, the learned counsel in his argument, relying upon the emphatic declaration of Mr. Minor, that "a subsequent purchaser, to be protected under the statute, must be a complete purchaser, and that to be a complete purchaser the party must not only have paid all the purchase money but must have received a conveyance of the legal title," fails to notice the qualifications of the rule which the learned author very properly states as follows (p. 878, 2 Minor's Inst.); and hence arises a qualification of the general doctrine—namely, that when the first purchaser has not the legal title, and the subsequent one has paid his money and has not indeed the legal, but the best right to call for the legal title, before he receives notice, he shall be entitled to priority, notwithstanding he has not actually acquired such title. This qualification is in accord with the decisions of this court and with all the best recognized authorities on the subject. See, in addition to other Virginia cases cited, *Williams* v. *Gordon's Ex'ors*, 5 Munf. 257.

Mr. Justice Story lays down the rule correctly when he says (§ 64, ch. 1, Story's Eq. Jur., 11 edition, p. 59): "The purchaser, however, in all cases must hold a legal title, or

be entitled to call for it, in order to give him a full protection of his defence." And so, also, that great author, Mr. Sugden—as follows: "A court of equity acts upon the conscience, and as it is impossible to attach any demand upon the conscience of a man who has purchased for a valuable consideration *bona fide*, and without notice of any claim on the estate, such a man is entitled to the peculiar favor and protection of the court. * * * And it is a general rule that a purchaser *bona fide*, and for a valuable consideration, without notice of any defect in his title at the time he made the purchase, may buy or get in any incumbrance although it is satisfied; and if he can defend himself at law by it, his adversary shall never be aided in equity for setting it aside; for equity will not disarm a purchaser, but assist him, and precedents of this nature are very ancient and numerous—viz: where the court has failed to give any assistance against a purchaser, either to an heir or to a vendor, or to the fatherless, or to creditors, or even to one purchaser against another. And this extends also to a purchaser when he has a better right to call for the legal estate than any other person." See 2 Sugden on Vendors, 8th American Edition by Perkins, pp. 497, 499, and numerous cases cited in notes; see also Lead. Cas. in Equity, White & Tudor, vol. 2, part 1; *Basset* v. *Nosworthy*, p. 11, 108, and cases there cited; see also Jones on Mortgages, vol. 1st, § 560, *et sequentia*.

I am of opinion, upon these authorities, that a complete purchaser is one who has paid the purchase money, and who, though he has not received a conveyance of the legal title, is entitled to call for it, and that upon the facts of this case Samuel H. Nash is a complete purchaser and has a right to call for the legal title; and that his contract of purchase has priority over the unrecorded deed to Beckem, trustee, to secure Preston's debt. I am therefore of opinion that the decree of the circuit court should be affirmed.

ANDERSON, J., concurred in the opinion of *Christian*, J.

NOTE BY REPORTER.—Judge Staples also delivered a written opinion, in which he expressed his concurrence in the results, but not in the reasoning of Judge Christian. That opinion has been unfortunately mislaid, and cannot now be produced. It is understood, however, that Judge Staples rested his decision upon the ground that Preston, the appellant, was equitably estopped by his conduct from setting up the lien of the trust deed against Nash, a complete purchaser of the equitable title.

Judge Burks concurred with Judge Staples, placing his view on the ground of equitable estoppel, and referring to 2 Pomeroy's Eq., § 750, and notes, and to 104 U. S. (14 Otto) Reports, 428, 436, *et seq.*

In the report of this case published in 1 Matthews (75 Va.) 949, Judges Staples and Burks, as well as Judge Anderson, are erroneously stated to have *concurred in the opinion* of Judge Christian. The case was never ordered to be reported *by the court.* Judge C. directed Mr. Matthews to report it—which he did, probably, without having seen the views of the dissenting judges, at whose instance the case is inserted in this volume with a view to a correct understanding of their positions.