# Richmond.

## FISHER  v.  WHITE  &  OTHERS.

### January 21, 1897.

1. MORTGAGE—*Foreclosure—Personal decree against vendee of mortgagor who has assumed payment—Frame of bill.*—Where a mortgagor has sold the mortgaged land, and his vendee has assumed to pay the mortgage debt, a decree, in a suit to foreclose the mortgage, may be rendered directly against such vendee, who has assumed the payment of the mortgage debt, in favor of the martgagee for any balance that may remain due after the mortgaged subject has been sold and the proceeds applied to the payment of the mortgage debt ; but, in order to warrant such a decree it would seem that the complainant should pray for it in his bill. Certainly that would be the better practice.

2. CHANCERY PLEADING—*Answer of one defendant not evidence against another.* The answer of one defendant cannot be read as evidence by a complainant against another defendant, when there is no joint interest, privity, fraud, collusion or combination between the co-defendants.

3. AGENCY—*How established—Admissions of alleged agent.*—An alleged agency which is denied cannot be established by proof of the admissions or statements of the alleged agent, but the fact must be proved by other evidence. If it is desired to establish it by the alleged agent himself he must be called as a witness.

Appeal from a decree of the Chancery Court of the city of Richmond, pronounced March 3, 1894, in a suit in chancery wherein the appellee, W. H. White, was the complainant, and the appellant and others were the defendants.

*Reversed.*

This was a suit instituted in the Chancery Court of the city of Richmond by W. H. White for the purpose of foreclosing a mortgage for $10,000, executed to him by Jacob S. Brown and John McAllister. The bill charges that after the execu-

tion of the mortgage, Brown and McAllister sold the real estate mortgaged to Netherwood and Barry, who assumed the payment of the mortgage, and that they sold and conveyed to Harry F. Smith one-third interest in said tract of land, and that these three formed a partnership to conduct a granite quarry on said tract of land—said quarry to be known as ''Standard Granite Quarry.'' The residue of the bill is in the following words and figures:

"In 1892 the aforesaid Harry F. Smith instituted a suit in this honorable court against Jas. Netherwood and Thos. Barry, asking for the appointment of a receiver to close up said business and dissolve said co-partnership. On the 29th July, 1892, a decree was entered in said cause appointing D. C. Richardson and *als.* spl. coms. to sell all the personal and real estate of said firm, either publicly or privately.

"But before the institution of the said suit, to-wit, on the 27th day of July, 1892, one Jno. C. Robertson contracted to purchase of Jas. Netherwood, Thos. Barry and Harry F. Smith, forty-one acres, more or less, of the said tract of fifty-four acres for $1,800 cash, and the assumption of the deed of mortgage made to your orator as aforesaid. In pursuance of this contract, and under and by authority of the decree of 29th July, 1892, as above mentioned, the commissioners therein executed and delivered to Jno. C. Robertson a good and sufficient deed, dated 16th September, 1892, conveying the said tract of forty acres, more or less. Your orator is advised, however, that while John C. Robertson was the party to the contract of purchase, and the deed of conveyance of said forty-one acres was made to him, yet he was acting as agent for one Geo. E. Fisher. Of this, your orator can make nc positive statements, but can only rely on what he has been informed by others.

"In tender consideration whereof, and forasmuch as your orator is remediless in the premises, except in a court of equity where matters of this kind are properly cognizable and reliev-

able, to the end therefore that justice may be done in the premises, your orator prays that the said Jacob S. Brown, Jno. McAllister, James Netherwood, Thos. Barry, Harry F. Smith, and Jno. C. Robertson, and Geo. E. Fisher, may be made defendants to the bill, and to answer the statements of the bill fully and completely, but the right to require answer under oath is hereby expressly waived; that the said Jacob S. Brown and Jno. McAllister may be decreed to pay your orator the said sum of money, with interest thereon, by a short day, to be appointed by this honorable court, and that in default of such payment the said Jacob S. Brown and John McAllister and all persons claiming under them, may be forever barred and foreclosed of, and from all rights of redemption of, in, and to the said mortgaged premises, or any part thereof; that proper process may be directed against the said defendants, and that your orator may have all such further and other general relief in the premises as the nature of his case may require, or to equity shall seem meet.

"And your orator will ever pray, &c."

The evidence is sufficiently set forth in the opinion.

*Wyndham R. Meredith* and *Christian & Christian*, for the appellant.

*W. W. & B. T. Crump, W. Ellyson, D. C. Richardson* and *Shield & Newton*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This is an appeal from a decree rendered in a suit brought to foreclose a mortgage.

After setting out the execution of the mortgage, and its non-payment when it became due and payable, the bill alleges that after it was executed the mortgagors sold the land to Netherwood and Barry, who assumed payment of the mortgage; that they afterwards sold an one-third interest to H.

F. Smith, and the three formed a partnership in the year
1889, to conduct the business of quarrying granite; that in
1892 Smith instituted a suit to settle up the business of his
firm, and to dissolve the partnership; that in that suit a de-
cree was entered and commissioners appointed to make sale
of the real and personal estate of the firm, either publicly or
privately; that prior to the date of that decree the partner-
ship named had contracted to sell a portion of the mortgaged
land to John C. Robertson, who was to pay $1,800 in cash,
and assumed, the payment of the mortgage; that this sale was
approved, and the commissioners of the court executed a deed
to Robertson for the land sold him, dated September 16,
1892.

The bill further alleges that the complainant was advised
that Robertson, when he purchased the land conveyed to him,
was acting as the agent of Fisher, the appellant, but as to
this he could make no positive statements.

The prayer of the bill is that Brown and McAllister, the
mortgagors, Netherwood, Barry & Smith, John C. Robert-
son, and the appellant, be made parties defendants; that they
be required to answer, but not under oath; that the mort-
gagors should be decreed to pay the mortgage, and in default
of payment that they, and all parties claiming under them,
should be barred from the right of redemption; and for gen-
eral relief.

Netherwood, Robertson, and Fisher filed separate answers
to the bill. Netherwood answered that he had purchased
from the commissioners of the court in the suit to settle up
the partnership of Netherwood, Barry & Smith, the residue
of the mortgaged land upon the representation at the sale
that the mortgage had been assumed and would be paid off
by Robertson, who had purchased the larger portion of the
mortgaged land, and who it appeared was acting as agent for
Fisher, and prayed that he should not be required to pay any
part of the purchase money due from him, or at least that

there should be no distribution of it until the mortgage was relieved as to the land purchased by him.

Robertson, in his answer, admitted the charges in the bill as to the purchase made by him, and his assuming payment of the mortgage, but avers that he was acting as the agent of, and made the purchase for Fisher.

Fisher's answer denies that Robertson was authorized by him to purchase the land and assume the payment of the mortgage, but admits that he did authorize him to purchase the equity of redemption, but directed him not to assume the payment of the mortgage, and states that as soon as he learned that Robertson had assumed its payment he repudiated that part of the contract, and that he has never ratified or confirmed the same.

General replications were filed to these answers. Upon a hearing of the cause the bill was taken for confessed as to the other defendants, and a decree rendered adjudging that Fisher had become the purchaser of the forty-two acre tract of land through Robertson, his agent, and had become liable to pay the mortgage debt, and that unless he, or some one for him, paid it within ninety days, the commissioners appointed for that purpose should sell the land at the risk and costs of Fisher, and in the event that portion of the mortgaged land did not sell for a sum sufficient to satisfy the mortgage debt, interest, and costs of suit and sale, the residue of the complainant's debt should be paid out of the proceeds of the sale of the other portion of the mortgaged land purchased by Netherwood. The land was sold, and did not bring a sum sufficient to pay the mortgage debt. From that decree this appeal was taken.

The grounds relied on for its reversal are that there is no sufficient allegation in the bill to put in issue Fisher's liability to pay the mortgage, and, if there was, that the record does not show that he authorized Robertson to purchase the land and assume the payment of the mortgage, or that after the

purchase was made by Robertson he ratified and confirmed it.

The only allegation of the bill as to Fisher is that ''your orator is advised, however, that while John C. Robertson was the party to the contract of purchase, and the deed of conveyance of said forty-two acres was made to him, yet he was acting as agent for one George E. Fisher. Of this your orator can make no positive statements, but can rely only on what he has been informed by others.'' After praying that the parties named above be made parties defendant, and required to answer, but not under oath, the complainant prays that the mortgagors may be decreed to pay the mortgage debt within a short time, and that upon their failure to do so the mortgagors and all persons claiming under them may be barred and foreclosed from all rights of redemption of and to the mortgaged premises, and for general relief. There is no prayer that Fisher should be required to pay the mortgage debt, or anything in the bill to indicate clearly that he was made a party for any other purpose than to have any interest which he might have in the equity of redemption barred and foreclosed.

The rule seems to be settled that where a mortgagor has sold the mortgaged land, and his vendee has assumed to pay the mortgage, a decree in a suit to foreclose the mortgage can be rendered directly against such purchaser, or his vendee, who has also assumed its payment, in favor of the mortgagee, for any balance that may remain due after the mortgaged subject purchased by such vendee has been sold, and the proceeds applied to the payment of the mortgage. *Willard* v. *Winston,* 76 Va. 392; *Osborne* v. *Cabell,* 77 Va. 462. 1 Jones on Mortgages, 755; 15 Amer. & Eng. Enc. Law, page 636; 3 Pom. Eq. Jur., secs. 1296, 1297.

But, in order to obtain such relief, it would seem, certainly it would be the better practice, that the complainant should pray for it in his bill. 2 Jones on Mortgages, sec. 1477.

But even under the liberal rules of equity pleadings, if the

allegations and prayer of the bill were sufficient to authorize the court to decree that Fisher had become the purchaser of the land through Robertson as his agent, and had bound himself to pay the mortgage, the proof upon that question is wholly unsatisfactory.

The case was heard upon the pleadings, and the exhibits filed therewith. The admissions and statement in the answer of his co-defendant Robertson were not, as appellees contend, evidence against him. No rule is better settled than that the answer of one defendant cannot be read as evidence by the plaintiff against another defendant where there is no joint interest, privity, fraud, collusion, or combination between the co-defendants. *Dade* v. *Madison,* 5 Leigh 401; 1 Daniel's Chy. Pr., 841 (5th Ed.); 1 Greenleaf's Ev., sec. 176. There is nothing in this case which brings the answer of either defendant within any of the exceptions to the general rule.

Neither are the admissions or statements of an alleged agent that he was the agent of another evidence of that agency, but that fact must be proved by other evidence. If it is desired to establish it by the agent himself, he must be called as a witness. Mechem on Agency, secs. 100, 102.

The only evidence, therefore, in the cause upon which the court could have based its decree that Fisher had assumed to pay the mortgage was the admissions in his answer. They do not, we think, justify that conclusion. The decree must, therefore, be reversed.

In the present condition of the record no decree can be safely entered upon the question of the liability of the appellant. The plaintiff's debt will most probably be paid fully out of the mortgage subject, and whether or not Fisher assumed its payment seems to be a question in which the defendants have more interest than the plaintiff. The purposes of justice will be best subserved, in our opinion, by remanding the case to the chancery court for further proceedings to be had therein. *Darnell* v. *Smith,* 26 Gratt. 878; *Nash* v. *Nash,*

28 Gratt. 686.    It will then be the duty of the plaintiff, if he seeks to hold the appellant liable personally, to establish that liability by the necessary proof, and if the defendants, or either of them, desire to establish such liability, they will have the right to file such proper pleadings as they may be advised, and litigate that question.

*Reversed.*