# Richmond

VIRGINIA HENING TURNER v. BURFORD BUICK CORPORATION AND HENRY S. MORRIS.

March 7, 1960.

Record No. 5045.

Present, All the Justices.

The opinion states the case.

*Gordon P. Williams (Thomas A. Williams, Jr.; Williams, Williams, Williams & Williams,* on brief), for the plaintiff in error.

*Aubrey R. Bowles, Jr.* and *Aubrey R. Bowles, III (J. Calvitt Clarke Jr.; Bowles, Anderson, Boyd, Clarke & Herod,* on brief), for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

Mrs. Virginia Hening Turner, plaintiff below and now the appellant, brought this action against Burford Buick Corporation and Henry S. Morris for damages for injuries sustained by her when an automobile driven by Morris, alleged to be the agent of Burford, ran against the back of the automobile in which Mrs. Turner was a passenger. She recovered a verdict against both defendants, which the court set aside, ordered a new trial against Morris and granted final judgment in favor of Burford. We granted the plaintiff a writ of error to review the ruling as to Burford. The ruling as to Morris was not a final judgment to which a writ of error would lie. *Salem Loan & Trust Co.* v. *Kelsey,* 115 Va. 382, 79 S. E. 329; *Hatke* v. *Globe Indemnity Co.,* 167 Va. 184, 188 S. E. 164.

The court set aside the verdict against Morris and awarded him a new trial on the ground that it had improperly directed a verdict against him. It set aside the verdict against Burford on the ground that the evidence admitted to prove that Morris was its agent was inadmissible.

The defendants filed their grounds of defense to the plaintiff's motion for judgment in which they admitted that the automobile being driven by Morris was owned by Burford, but denied that he was acting as agent or in behalf of Burford at the time of the accident. The plaintiff objected to the filing of the grounds of defense because it was not filed within twenty-one days after service of the motion for judgment, Rule 3:5; but the court allowed the late filing "for good cause shown" and no abuse of discretion in this respect is shown by the record, Rule 3:13. A plea by Burford denying agency was received by the clerk after the twenty-one days but there was no order permitting its filing. Plaintiff in her brief, however, says this is inconsequential since the same denial was made in the grounds of defense and the burden was on her to prove the agency of Morris.

The evidence in the case material to the present issues was in substance as follows:

Mrs. Turner, the plaintiff, was riding on the front seat of a car being driven west on U. S. 60 by her son, Payne Turner, and on the back seat was another son, Thomas Turner. The car had stopped at a red traffic light at a point just east of Richmond where Lewis Road intersects Route 60. Two other cars had stopped for the red light in front of the Turner car. The light changed and just after Payne Turner had put his car in gear to proceed, the car driven by Morris struck the Turner car from behind "a pretty hard blow," momentarily dazing the driver and injuring Mrs. Turner. The accident happened about 8:30 in the evening of September 14, 1956, and it was dark at the time. The impact knocked the Turner car two or three feet forward and the Morris car left 24 feet of faint skidmarks back of the point of the collision.

County Police Officer Hubbard came to the scene in response to Payne Turner's telephone call, which was received at 8:33 p.m., and the officer arrived at 8:40 p.m. Morris then stated to the officer that his attention was distracted and when he looked back into the road he was very close to the Turner car; that he applied his brakes and attempted to stop but hit the rear bumper of the Turner vehicle.

The officer further testified: "It is routine for us to check all cars bearing dealers tags and I asked him at that time whether he would tell me why he was in Richmond when he was a dealer from the Norfolk-Newport News Area, and he told me at that time he was there on company business; that they knew he had the automobile coming to Richmond with him."

Payne Turner testified that after the collision he and Morris got out

of their cars and Morris asked him if anybody was hurt and he replied that he did not think so; that in the course of their conversation Morris, in explanation of why he ran into the Turner car, said his brakes failed. With respect to the skidmarks, Turner said, "The two front brakes are the only ones that looked like they took hold." Asked whether Morris stated what the purpose of his trip was, he replied, "He was up on business for Burford Buick Corporation, Hampton, Virginia. He was a salesman."

Thomas Turner testified that he heard some of the conversation between his brother and Morris and that he remembered distinctly that Morris said his brakes had failed, and "I think I heard him say he was a car salesman for Burford Buick."

In addition to describing her injuries, Mrs. Turner testified that one C. S. Edwards, who represented to her that he was a representative of the defendant corporation, came to see her three times to discuss a settlement. A motion for a mistrial made at that point was denied.

Plaintiff was also allowed to introduce evidence of a statement by C. S. Edwards to the effect that there was no question that Morris was on business of Burford at the time of the accident. Its admissibility will be considered later. Neither Morris nor Edwards was present to testify.

The only evidence offered by the defendants was that of the secretary-treasurer and general sales manager of Burford, who testified that Morris was employed by the Company as a salesman and that the Company furnished him with the automobile involved in the accident, but that Morris was not on business of the Company at the time of the accident.

The trial court, as stated, instructed the jury that it must render a verdict for the plaintiff against Morris. That, of course, was upon the premise that the evidence showed that Morris was guilty of negligence as a matter of law. Regardless of whether that premise was correct, the instruction was contrary to the prohibition contained in § 8-218 of the Code (1958 Supp.), as amended by Acts 1958, ch. 208, p. 265, which provides:

"In no action tried before a jury shall the trial judge give to the jury a peremptory instruction directing what verdict the jury shall render unless the trial judge shall have granted a motion to strike the evidence of the plaintiff or defendant, in which case the judge may direct a verdict in conformity with his ruling on the motion to strike."

The trial court granted no motion to strike the evidence of the plaintiff or of the defendants. In fact, no motion was made to strike

the evidence as to Morris. Hence the court erred in giving the peremptory instruction, and its action in setting aside the verdict against Morris was correct. *Small* v. *Virginia Ry. and Power Co.*, 125 Va. 416, 99 S. E. 525; *Birtcherd Dairy* v. *Edwards, Adm'r*, 197 Va. 830, 91 S. E. 2d 421.

The trial court, as stated, set aside the verdict against Burford and entered final judgment in its favor on the ground that the evidence as to the declarations of Morris should not have been admitted in evidence, and without that evidence there was no proof of the agency of Morris. Plaintiff's counsel argues that no objection was made to this evidence and that the defendants cannot now be heard to object, citing *Carter* v. *Pickering*, 191 Va. 801, 808, 62 S. E. 2d 856, 860. While the record does not show any objection at the time, the court stated in its written opinion that the evidence was admitted over the objection of defendants.

It is true, as the trial court stated, that it is settled law in this State that the declarations of an agent cannot be received to prove his agency until the fact of his agency has been otherwise established. *Fisher* v. *White*, 94 Va. 236, 26 S. E. 573; *Hoge* v. *Turner*, 96 Va. 624, 32 S. E. 291; *Moore* v. *Aetna Cas. & Surety Co.*, 155 Va. 556, 155 S. E. 707; *Griffith* v. *Electrolux Corp.*, 176 Va. 378, 11 S. E. 2d 644; *Bankers Fire Ins. Co.* v. *Henderson*, 196 Va. 195, 83 S. E. 2d 424.

But it is also the law in this State that when from extrinsic sources a *prima facie* case of agency is made out, the agent's own declarations and admissions become admissible. *Lysle Milling Co.* v. *Holt & Co.*, 122 Va. 565, 571, 95 S. E. 414, 416; *Royal Indemnity Co.* v. *Hook*, 155 Va. 956, 970, 157 S. E. 414, 419; *Buchanan* v. *Wilson*, 159 Va. 49, 59, 165 S. E. 422, 425.

In its grounds of defense Burford admitted that it owned the automobile that was being driven by Morris at the time of the accident. The automobile carried dealer's license plates belonging to Burford. Defendants' counsel stated to the court at the beginning of the trial that the automobile being driven by Morris at the time of the accident belonged to Burford and that Morris was at that time a salesman for the Company; that the position of the defendants was that he was not acting as a salesman at the time but was merely using the car. Defendants' witness, as stated, testified that at the time of the accident Morris was a salesman for the Company and the Company had assigned to him the car involved in the accident.

It being admitted by Burford that the automobile driven by Morris was owned by it and that Morris was its salesman at the time of the

accident, a *prima facie* case of agency was made out, *Sydnor & Hundley* v. *Bonifant*, 158 Va. 703, 707, 164 S. E. 403, 404; and the statements made by Morris to the two sons of the plaintiff and to Officer Hubbard, as related above, were thereupon admissible in evidence.

"When the relationship of master and servant has been established, the burden is on the master to prove that the servant was not acting within the scope of his employment when he committed the tort, and if the evidence leaves that question in doubt, it is to be determined by the jury." *McNeill* v. *Spindler*, 191 Va. 685, 695, 62 S. E. 2d 13, 18.

Whether at the time of the accident Morris was acting within the scope of his employment was a question for the jury on the evidence in the case and the trial court was in error in granting final judgment in favor of Burford. Burford's liability also depends upon proof of Morris' negligence. A new trial against Morris has been ordered for determination of that question and the case against Burford must also be remanded for resolution of the controlling issues as to both defendants.

█ In the trial presently involved the testimony as to declarations made by C. S. Edwards, who was an insurance adjuster, should not have been admitted. Thomas A. Williams, an attorney for the plaintiff, who retired as her lawyer at the beginning of the trial in order to become her witness, was allowed to testify that before he filed suit he called C. S. Edwards to find out whether he should include Burford in the suit and Edwards told him that there was no question about Morris being on the business of the Company. Edwards was not summoned as a witness for the reason, said Mr. Williams, that Edwards would not admit making the statement and "I don't want him to negate my testimony." The procedure was more effective than legal. There was no showing that Edwards had any authority to make admissions that were binding on Burford or to express an opinion on an essential point in the case on its behalf. *Cf. Pannell* v. *Fauber*, 201 Va. 380, 382, 111 S. E. 2d 445, 447.

The judgment below as to Burford is reversed, the case against it is remanded, and a new trial is directed as to it also.

*Reversed and remanded.*