NADINE KESLER

V.

LOTTIE D. ALLEN

Record No. 840390

March 6, 1987

Present: All the Justices

*Edward A. Natt (Osterhoudt, Ferguson, Natt, Aheron & Agee, P.C.*, on brief), for appellant.
*John S. Edwards (Martin, Hopkins, Lemon and Carter, P.C.*, on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

The determinative question in this appeal is whether a landlord, having employed an independent contractor to make repairs or improvements, is liable to a tenant for injuries caused by the contractor's negligent performance of the work.

In 1982, Nadine Kesler was the owner of a rental duplex building in Roanoke. Lottie Allen was a tenant who occupied the downstairs unit in the duplex. Mrs. Allen's sister, who also lived there, asked Mrs. Kesler to provide a storm door at the front entrance which served the duplex. Mrs. Kesler purchased a storm door and brought it to the site. She then engaged Howard Smith,

a carpenter who had been recommended to her by her mother, to install the door. Smith had not previously worked for Mrs. Kesler, but he satisfied her inquiries concerning his ability to do the work.

On the morning of December 22, 1982, Mrs. Kesler met Smith at the apartment, showed him where the door was to be installed, and left to go to her place of employment. She gave Smith no specific instructions concerning the methods to be used except the statement: "Mr. Smith, the headers should be closed at the top."

Later in the day, Smith called Mrs. Kesler at work and told her that the door was too small to fit the opening. She told him where she had bought it, and instructed him to exchange it for a door of the proper size and to charge her account for any difference in cost.

Mrs. Allen returned to the duplex after dark, carrying a number of parcels. Smith, during the day, had nailed a piece of wood, four inches high, across the threshold. In the darkness, Mrs. Allen failed to see the obstacle, tripped over it, fell, and sustained injuries. Mrs. Kesler was unaware of the presence of the obstacle until she was informed of the accident.

The tenant brought this action against both the landlord and the contractor, alleging that her injuries were the proximate result of the negligence of both. The landlord filed a third-party motion for judgment against the contractor, claiming indemnity from him. The contractor filed no responsive pleadings and was held in default.

The case was tried to a jury. The landlord's motion to strike the tenant's evidence, made at the close of the plaintiff's case and renewed at the close of all the evidence, was denied. The tenant then moved for a directed verdict against both defendants on the issue of liability. The court granted that motion, and submitted the case to the jury only on the issue of damages. The jury returned a verdict for $20,000 against both defendants. After denying post-trial motions, the court entered judgment against both defendants jointly, but also entered a third-party judgment in favor of the landlord against the contractor, for all sums paid by her to the tenant under the tenant's order of judgment. We granted the landlord an appeal.

■ The landlord assigns error to the trial court's action directing a verdict when no motion to strike the evidence had been sustained. We agree that the ruling was error. *Turner v. Burford Buick Corp.,* 201 Va. 693, 696-97, 112 S.E.2d 911, 914 (1960).

Directed verdicts were expressly prohibited by statute in Virginia prior to 1958. Code 1919, § 6003; Code 1950, § 8-218. They are prohibited now. Code § 8.01-378 (1986 Cum. Supp.). During the interval 1958-1986, which included the time of trial of the case before us, directed verdicts were permitted only where the court had sustained a motion to strike the evidence. Code § 8.01-378 (1977 Repl. Vol.) (amended Act 1986 c. 253). If the court's ruling is considered tantamount to sustaining a motion to strike, and if the latter would have been proper in the circumstances of the case, the error of directing a verdict would have been harmless. Because of the view we take of the dispositive issue in the case, however, we cannot say that the error was harmless.

■ We have not previously decided the question of a landlord's liability for the negligence of an independent contractor employed to make repairs or improvements, but the governing principles are well settled. In the absence of a specific agreement to do so, a landlord has no duty to maintain in a safe condition any part of the premises under the tenant's exclusive control. *Paytan* v. *Rowland,* 208 Va. 24, 26, 155 S.E.2d 36, 37 (1967). He does, however, have a duty to use ordinary care to maintain in a reasonably safe condition any part of the leased premises that was reserved for the common use of all tenants. *Id.* Further, if the landlord, after delivering possession of the premises to a tenant, enters to make repairs or improvements, he must use reasonable care in making them. He is not, however, an insurer of the tenant's safety. In order to recover against the landlord for injuries arising from a defective condition resulting from the repairs, the tenant has the burden of proving that the landlord failed to use reasonable care. The mere fact that a defect remained after the work was done is not alone sufficient. *Oden* v. *Housing Authority,* 203 Va. 638, 640, 125 S.E.2d 843, 845 (1962).

■ Applying these principles to the case before us, we need not determine whether the threshold at the front door was within the tenant's exclusve control, or reserved for the common use of all tenants. The tenant's burden under the facts of this case is the same in either event: she must prove that the landlord failed to exercise reasonable care in causing the work to be done.

The tenant makes no contention that the landlord was negligent in selecting a contractor. Rather, she argues that the landlord had a non-delegable duty to have the work done in a safe manner and that Smith, although an independent contractor, was nevertheless

the landlord's agent in the discharge of that duty, bringing the landlord within the doctrine of *respondeat superior*. We do not agree.

As a general rule, an owner who employs an independent contractor is not liable for injuries to third persons caused by the contractor's negligence. Exceptions exist, and the doctrine of *respondeat superior* may become applicable, if the independent contractor's torts arise directly out of his use of a dangerous instrumentality, arise out of work that is inherently dangerous, are wrongful *per se,* are a nuisance, or are such that it would in the natural course of events produce injury unless special precautions were taken. *Broaddus* v. *Standard Drug Co.,* 211 Va. 645, 649, 179 S.E.2d 497, 501 (1971); *N.&W. Railway* v. *Johnson,* 207 Va. 980, 983-84, 154 S.E.2d 134, 137 (1967); *Smith Adm'r.* v. *Grenadier,* 203 Va. 740, 747, 127 S.E.2d 107, 112 (1962); *Ritter Corp.* v. *Rose,* 200 Va. 736, 742, 107 S.E.2d 479, 483 (1959).

The evidence does not bring the installation of a storm door within any of the foregoing exceptions; consequently, the general rule applies. We hold that a landlord, in the absence of one of the exceptions to the general rule, has no vicarious liability to a tenant for the negligence of an independent contractor in making repairs or improvements.

For the foregoing reasons, we conclude that the error of directing a verdict for the plaintiff tenant was not harmless and that the court should have sustained the defendant's motion to strike the plaintiff's evidence. Accordingly, we will reverse the judgment appealed from and, proceeding pursuant to Code § 8.01-681, will enter final judgment for the defendant landlord.

*Reversed and final judgment.*