## CIRCUIT COURT OF AMHERST COUNTY

MCI WorldCom Network

     v.

James E. Brockman

     v.

Clayton C. Bryant

February 1, 2000

Case No. CL 5297

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule upon the Demurrer that has been filed by Clayton C. Bryant, Third-Party Defendant, to the Third-Party Motion for Judgment filed by James E. Brockman.

The Plaintiff (MCI) has filed its Motion for Judgment against the Defendant (Brockman) seeking damages for the severance of MCI's fiber-optic cable while excavating on or near Route 29 in Amherst County. Brockman thereafter filed a Third-Party Motion for Judgment against the Third-Party Defendant (Bryant) on the grounds of contribution or indemnification for any damages that may be awarded to MCI against Brockman. Bryant has filed a Demurrer to the Third-Party Motion for Judgment. This Demurrer is the subject of the rulings in this letter.

The Demurrer alleges that the Third-Party Motion for Judgment fails to state a cause of action for indemnification or contribution in connection with MCI's claim for trespass. Also, it states that the Third-Party Motion for Judgment fails to state a cause of action for indemnity or contribution for any portion of any judgment that awards damages to MCI for loss profits. Next, the Demurrer alleges that the Third-Party Motion for Judgment fails to state a cause of action for indemnity or contribution for punitive damages.

The Demurrer limits the general failure to state a cause of action to the claim for trespass. The memorandum of Bryant and the argument of his counsel, however, do not limit the failure of the Third-Party Motion for Judgment stated cause of action for trespass, but also for a cause of action in negligence. This argument has not been objected to by the parties. Accordingly, I am going to treat paragraph one of the Demurrer as a Demurrer which alleges that the Third-Party Motion for Judgment fails to state a cause of action to trespass, negligence, or any violation of the Underground Utility Protection Act, § 56-265.14 *et seq.* of the Code of Virginia (the "Miss Utility Act").

Next, in ruling on the Demurrer, I am presuming that all of the allegations in the Motion for Judgment and Third-Party Motion for Judgment are true. The Motion for Judgment and Third-Party Motion for Judgment imply, but do not directly state, that Brockman was an independent contractor in the excavation and private road business who was employed by Bryant to build an entrance off of Route 29 into Bryant's property. The parties, in their oral arguments on the Demurrer, seem to agree that Brockman was an independent contractor. Accordingly, and for purposes of this ruling, I am assuming that this is a fact.

*Indemnity and Contribution*

The Third-Party Motion for Judgment of Brockman seeks recovery from Bryant under the theory of contribution or indemnity for the failure of Bryant to: (1) give notice of the excavation under § 56-265.17 of the Code of Virginia (1950), as amended; (2) for the failure to comply with the special provisions of a Land Use Permit issued by the Virginia Department of Transportation; (3) for breaching a duty to Brockman to notify the appropriate center after being requested to do so; and (4) failing to take any steps to advise Brockman that the center had not been notified.

Bryant concedes that duty number two (breach of the Land Use Permit) is sufficient to withstand the Demurrer on the grounds of contribution or indemnity. Thus, the Court must determine whether there can be contribution

or indemnity under grounds 1, 3, and 4 above. I sustain the Demurrer on the grounds that there cannot be contribution or indemnity under grounds 1, 3, and 4 above. Ground # 1 is dismissed. I grant Brockman, the Third-Party Plaintiff, leave to amend grounds 3 and 4. My reasons for these rulings are set forth below.

Bryant is correct that, in Virginia, there is no right of contribution or indemnity by a Third-Party Plaintiff unless the injured party (in this case MCI) had a cause of action against the person from whom contribution or indemnity is sought. *VEPCO v. Wilson*, 221 Va. 979, 981, 277 S.E.2d 149 (1981); *Bartlett v. Roberts Recapping, Inc.*, 207 Va. 789, 792-93, 153 S.E.2d 193 (1967). The same rule applies to contribution and indemnity. Contribution occurs in negligence claims and indemnity occurs in contractual claims. *VEPCO v. Wilson*, at 981-82.

There can be no contribution or indemnity for the failure of Bryant to give notification to the notification center under § 56-265.17 of the Code of Virginia (1950), as amended. This code section provides in part that "No person, including operators, shall make or begin any excavation or demolition without first notifying the notification center for that area." Thus, it is applicable only to the person who begins excavation. "Excavation" is defined in part under § 56-265.15 of the Code of Virginia (1950), as amended, as "any operation in which earth or rock or other material in the ground is moved, removed, or otherwise displaced. . . ." The notification provisions of § 56-265.17 make it clear that this section is applicable only to the person who actually does the excavation. In this instance, that person is Brockman and not Bryant.

The rules of statutory construction in Virginia support this analysis. Under the maxim of *noscitur a sociis* (associated words), when general and specific words are grouped, the general words are limited by the specific and will be construed to embrace only objects similar in nature to those things identified by the specific words. *Cape Henry Towers, Inc. v. National Gypsum Co.*, 229 Va. 596-603, 331 S.E.2d 476 (1985); *Martin v. Commonwealth*, 224 Va. 298, 302, 295 S.E.2d 890 (1981). In § 56-265.17, the word person is modified by the specific words excavation or demolition. Under the maxim of *noscitur a sociis*, § 56-265.17 must be limited to embrace only the limited category of persons who engage in excavation or demolition. In this case, that person would be Brockman and not Bryant. Accordingly, MCI could not bring an action against Bryant for severing its line because Bryant did not perform the physical act of excavation.

Likewise, Bryant cannot be held vicariously liable for the actions of Brockman. Brockman is an independent contractor. The general rule is that an

owner (in this case Bryant) who employs an independent contractor (Brockman) is not liable for injuries to third persons caused by the independent contractor's negligence. *C. & P. Telephone Co. v. Properties One*, 247 Va. 136, 141, 439 S.E.2d 369 (1994); *MacCoy v. Colony House Builders, Inc.*, 239 Va. 64, 69, 387 S.E.2d 760 (1990). The only exception to this rule is where the "wrongful *per se*" exception applies. This exception applies if the torts of the independent contractor arise out of the use of a dangerous instrumentality or arise out of work that is inherently dangerous. *C. & P. Telephone* at 141; *Kesler v. Allen*, 233 Va. 130, 134, 353 S.E.2d 777 (1987). In the instant case, excavation and construction of an entrance from a public road onto private property cannot be classified as either a dangerous instrumentality or inherently dangerous.

Accordingly, there is no theory under § 56-265.17 of the Code of Virginia (1950), as amended, under which Bryant could be held liable to MCI for the acts of severing the fiber-optic cable. Therefore, the Demurrer is sustained as to this ground of the Third-Party Motion for Judgment, and it is dismissed.

I will now turn to grounds 3 and 4 of the Third-Party Motion for Judgment. As I indicated above, I am sustaining the Demurrer on these grounds but I am allowing Brockman to amend his Motion for Judgment on these grounds. Brockman asserts, under the theory of contribution or indemnification, that Bryant breached its duty to Brockman to notify "the appropriate center after being requested to do so . . .," and failing to take any steps to advise Brockman that the center had not been notified.

Section 56-265.14 *et seq.* of the Code of Virginia (1950), as amended, does not set forth any general requirement that Bryant fulfill these two duties to Brockman; nor does § 56-265.17 of the Code of Virginia (1950), as amended, furnish any specific duty of Bryant to fulfill either of these duties to Brockman. As noted above, the notification requirements apply only to the person performing excavation. Accordingly, MCI cannot bring an action against Bryant on these theories under the Miss Utility Act. Further, outside of the Miss Utility Act, there is no common law duty to MCI to notify the appropriate center, and Bryant owes no common law duty to MCI to advise Brockman that the center had not been notified. Accordingly, MCI would have no cause of action against Bryant for his failure to notify either the center or Brockman as alleged under paragraph 3 and 4. Where MCI would have no common law right of action against Bryant, the third-party claim of Brockman against Bryant under contribution and idemnification must fail. The Demurrer is sustained as to grounds 3 and 4.

Rule 3:10 of the Rules of the Supreme Court of Virginia allow a defendant to file a third-party claim against any person who may be liable to him ("the defendant") for all or part of the plaintiff's claim against him. Quoting from Wright & Miller, *Federal Practice and Procedure*, § 1446, pp. 245-50 (1971), the Supreme Court of Virginia has held that a third-party claim may be asserted (1) when the third-party's liability is dependent on the outcome of the main claim, or (2) when the third-party is secondarily liable to the defendant. The court further noted that this "secondary or derivative liability . . . is central and it is irrelevant whether the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory." *Valley Co. v. Rolland*, 218 Va. 257, 263, 237 S.E.2d 120 (1977).

In the case at bar, Brockman could possibly state a common law claim that Bryant is liable to him for a breach of duty under ground 3 or 4 of the Third-Party Motion for Judgment. The problem with the present posture of the Third-Party Motion for Judgment is that it would require, under the theory of contribution or indemnity, that Bryant be liable to MCI. Under third-party practice, however, it is merely necessary that Bryant be secondarily liable to Brockman for Bryant's negligence or breach of contract. Accordingly, Brockman may file an amended third-party motion for judgment under grounds 3 and 4.

## Lost Profits and Economic Losses

Bryant asserts in his Demurrer that Brockman's Third-Party Motion for Judgment fails to state a cause of action for indemnity or contribution for that portion of any judgment that awards damages for lost profits. This portion of the Demurrer is overruled.

Bryant first asserts that the Miss Utility Act, § 56-265.14 *et seq.* (particularly § 56-265.17), limits the measure of damages under the act to the cost to repair. This argument ignores the provisions of § 56-265.25 of the Code of Virginia. Subparagraph "A" of this section provides that the liability of a person for damages "shall not be limited by reason of this chapter." Additionally, § 56-265.25(C) provides that the act "shall not be construed to either abrogate any rights, duties, or remedies existing under law or create any rights, duties, defenses, or remedies in addition to any rights, duties, or remedies existing under law." These provisions clearly do not limit the damages recoverable to cost to repair and do not prevent recovery under other common law claims. The Motion for Judgment of the Plaintiff seeks recovery for trespass as well as violation of the Miss Utility Act. Lost profits are

recoverable against a tortfeasor. *Hop-In Food Stores, Inc. v. Serv-N-Save, Inc.*, 247 Va. 187, 190, 440 S.E.2d 606 (1994).

Bryant also maintains that the economic loss rule prohibits Brockman from recovering from Bryant for lost profits. It is, of course, settled in Virginia that, in the absence of privity of contract, a person cannot be held liable for purely economic loss damages caused by his negligent performance of a contract. *Gerald M. Moore & Son, Inc. v. Drewry*, 251 Va. 277, 279, 467 S.E.2d 811 (1996); *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 236 Va. 419, 425, 374 S.E.2d 55 (1988). This rule would apply if MCI sought to recover economic losses directly from Bryant based upon breach of contractual duties owed to Brockman. MCI has not, however, sought to recover any such damages from Bryant.

Brockman, on the other hand, has filed a Third-Party action against Bryant. As previously noted, a third-party action allows a third-party plaintiff to recover on secondary or derivative liability grounds. *Valley Landscape Co. v. Rolland*, 218 Va. 257, 263, 237 S.E.2d 120 (1977). Brockman has been given the opportunity to amend the Third-Party Motion for Judgment to assert a secondary or derivative liability claim directly against Bryant. If the amended third-party motion for judgment alleges that Bryant breached a duty to Brockman under the facts of this case, Bryant could be held liable to Brockman for economic damages, including loss of profits, for his tortious conduct.

## Trespass

The Demurrer to the Third-Party Motion for Judgment on the grounds that it fails to state a claim for trespass is overruled. A review of the Third-Party Motion for Judgment indicates that there is no claim in the third-party action for trespass by the third-party plaintiff, Brockman. Clearly, MCI claims damages for trespass against Brockman in the primary suit. However, there is no assertion that Bryant trespassed in the Third-Party Motion for Judgment. Accordingly, there is nothing to rule on for purposes of the Demurrer.

## Punitive Damages

Bryant maintains that Brockman is not entitled to indemnity or contribution to any award of punitive damages. In Virginia, a defendant seeking indemnification (or contribution) from a third-party is not entitled to recover if the defendant is guilty of "active negligence." *Phillip Morris, Inc. v.*

*Emerson*, 235 Va. 380, 411, 368 S.E.2d 268 (1988). In the instant case, MCI alleges that Brockman actively severed its line and trespassed upon its easement. This is active liability. Accordingly, the Demurrer is sustained for any claim for indemnity or contribution for punitive damages awarded to MCI against Brockman.

This ruling is likewise supported by § 8.01-34 of the Code of Virginia which denies contribution when the wrong results from moral turpitude. In order to recover punitive damages, it must be established that the defendant's acts were "so willful or wanton as to evince a conscious disregard of the rights of others as well as malicious conduct. . . ." *Booth v. Robertson*, 236 Va. 269, 273, 374 S.E.2d 1 (1988). I find that any act justifying punitive damages results from moral turpitude and would thus be barred by the provisions of § 8.01-34 of the Code of Virginia.

This ruling does not prevent the third-party Plaintiff (Brockman) from seeking punitive damages based on a derivative or secondarily liability claim in its Third-Party Motion for Judgment.

The rulings in this letter do not address any liability claims or damage claims by MCI against Brockman. The rulings in this letter only apply to the third-party action by Brockman against Bryant. Any issues of liability for damages between MCI and Brockman must be resolved by separate motion, hearing, and ruling.

Brockman is given twenty-one days from the entry of the order to file amended pleadings. Bryant and MCI are given twenty-one days after it is filed to file any further responsive pleadings to the amended third-party motion for judgment.