## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Anthony Max Yeboah

v.

Food Lion, Inc.,
and Southern Floors
and Acoustics, Inc.

October 10, 2002

Case Nos. (Law) 97-197, 99-101

BY JUDGE EDWARD L. HOGSHIRE

At issue before the Court is defendant Food Lion's Renewed Motion to Strike. A jury heard this case on June 21, 2002, and granted judgment for the plaintiff, finding both defendants jointly and severally liable. Food Lion contends that the Court should set aside this verdict. For the reasons set forth below, the Court denies the motion.

Ordinarily, the issue of contributory negligence is a question for the jury unless persons of reasonable minds could not differ upon the conclusion that such negligence has been established. *Love v. Schmidt*, 239 Va. 357, 360, 389 S.E.2d 707, 709 (1990). Food Lion argues that the Virginia Supreme Court's ruling in *Kesler v. Allen*, 233 Va. 130, 353 S.E.2d 777 (1987), precludes a jury from reasonably concluding that Food Lion was contributorily negligent. *Kesler* stands for the proposition that "an owner who employs an independent contractor is not liable for injuries to third persons caused by the contractor's negligence." 233 Va. at 134, 353 S.E.2d at 780. In *Kesler*, a landlord hired an independent contractor to repair a tenant's door. The contractor temporarily installed an obstacle at the threshold of the door, then left the premises overnight, and the tenant subsequently tripped over the obstacle and was injured. The court held that the landlord was not liable, since the injury arose from the contractor's negligent work, and not from a discharge of the landlord's duty to provide reasonably safe premises.

*Kesler* does not require vacation of the verdict in this case, however, since it is distinguishable on the facts. In *Kesler*, the landlord's duty to provide safe premises was not involved because the landlord had neither actual notice of the obstacle nor sufficient time to become aware of it. Accordingly, the court ruled as a matter of law that he could not be liable. In this case, Food Lion occupied and operated the premises while the sub-contractor, Southern Floors, conducted its work. Whether Food Lion had actual notice of ongoing repairs and, if so, whether its conduct constituted negligent control and oversight of the premises are questions of fact that the jury reasonably considered in ruling that Food Lion had violated its duty to provide safe premises.

Further, this Court cannot rule as a matter of law that the plaintiff assumed the risk of injury by shopping at Food Lion during its remodeling or by walking down the aisle where repairs were ongoing. Food Lion argues that testimony during trial indicates that plaintiff was aware of construction, warning signs, and even the stack of tiles over which he tripped. However, these facts do not conclusively establish assumption of risk. There are issues of fact as to whether the aisle was taped off and whether Food Lion's warning signs were adequate. Evaluating the relevance and weight of these facts, as well as drawing reasonable inferences derived from such facts, was properly left to the jury.

For these reasons, the Court declines to overturn the jury's verdict and grant judgment to Food Lion.