BERTHA LUBRITSKY ET AL. *v.* WILLIAM R. LONERGAN ET AL.

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

Argued May 12—decided August 11, 1953

*Joseph P. Cooney,* with whom, on the brief, were *Jerome T. Malliet* and *Henry F. Cooney,* for the appellants (defendants).

*William M. Pomerantz,* with whom was *Leo Rosen,* for the appellee (named plaintiff).

O'SULLIVAN, J. Bertha Lubritsky, to be called the plaintiff, joined with her husband in bringing this action. The former sought to recover damages for personal injuries alleged to have been caused by the defendants' negligence, and the latter to be reimbursed for various expenses incurred in the treatment of his wife's injuries. The defendants filed a general denial and a special defense of contributory negligence. The court found the issues for the plaintiff but against her husband. The defendants have appealed from so much of the judgment as awarded damages to the plaintiff. We shall ignore the husband's case since it is not involved in any phase of the appeal.

The finding is not subject to correction. It recites the following facts: At all times mentioned herein, the defendants owned a three-story tenement house at 25-27 Cabot Street, Hartford. Each floor consisted of a separate tenement. A porch eight feet wide extended across the entire front of the structure at the first-floor level. At each end of the porch was a door leading into the house. The door on the left as one faced the building was the entrance to the tenement on the first floor, while the other door opened on the stairway leading to the two upper tenements. Directly in line with each door was a flight of steps from the ground to the porch.

On December 26, 1950, the plaintiff was living on the second floor, and a family named Pagani on the first. They had been occupying these tenements for some years under month-to-month leases. At dusk on that date, the plaintiff was returning from a grocery store and had climbed the steps in front of

her own entrance. Upon reaching the porch, she started to walk across it to deliver two cans of vegetables to Mrs. Pagani when, though watchful and otherwise careful, she tripped over a rumpled fiber rug lying on the porch, fell and was injured. At that time it was misty although it had previously been snowing and raining. Some snow still partially covered the porch and rug.

The rug was directly under a bay window which was centered in the building at the first floor and which projected into the porch area and reduced its width by about four feet. The rug was nine feet long and five feet wide. It belonged to Mrs. Pagani, who had put it on the porch six years before and, during all of that time, had left it unfastened upon the flooring. In 1948, the Paganis had placed a chair on the rug for their own use, and they had kept it there since then. During 1948, the rug became permanently rumpled, and it remained in that condition to the day of the plaintiff's fall. Mrs. Pagani swept the porch and took up and replaced the rug whenever she cleaned it.

The named defendant lived nearby and visited the premises at least once or twice a week. On these occasions he made use of the porch, when necessary, without obtaining Mrs. Pagani's permission. The porch was likewise used as a thoroughfare by the mailman, deliverymen and children, and the Paganis never attempted to prevent any of them from so using it. The defendants made all repairs to the entire porch and kept it structurally in good condition.

The named defendant knew about the condition of the rug and of its tendency to move around, as it had done on the day in question. The plaintiff had frequently called his attention to it. Nevertheless, the

defendants never did anything themselves about it, nor did they ask Mrs. Pagani to remove it or fasten it down. On the basis of the foregoing facts, the court concluded that the porch was under control of the defendants, that they failed to exercise reasonable care to keep it in a reasonably safe condition, and that their negligence was the sole proximate cause of the plaintiff's injuries.

The defendants claim that the court erred in imposing liability upon them because, in the first place, the section of the porch where the plaintiff fell was not, they say, within their control; secondly, no defect existed of which they had actual or implied notice; and thirdly, the plaintiff was guilty of contributory negligence.

These claims require no extended discussion, since each is fully answered by the finding. The defendants do not attack the finding that they made all repairs required to keep the porch structurally sound and that the porch served as a thoroughfare for those wishing to use it as such. The finding does not show, nor have the defendants sought to have added to it any fact establishing, that the lease to the Paganis included any part of the porch within the premises demised to them. The physical layout of the building was not of such a nature that the porch or any section of it formed an integral part of the first-floor tenement. *Central Coat, Apron & Linen Service, Inc.* v. *Indemnity Ins. Co.*, 136 Conn. 234, 237, 70 A.2d 126; *Aprile* v. *Colonial Trust Co.*, 118 Conn. 573, 579, 173 A. 237. Whether any part of the porch was included in the lease of the first-floor tenement presented a question of fact. *Hurlburt* v. *Sherman*, 116 Conn. 102, 105, 163 A. 603; *Miller* v. *Mutual Mortgage Co.*, 112 Conn. 303, 305, 152 A. 154; *Brundrett* v. *Rosoff*, 92 Conn. 698, 701, 104 A. 67. That control of the

porch remained in the defendants was, under the circumstances, a reasonable and logical conclusion for the court to draw from the subordinate facts found. See *Farguet* v. *DeSenti,* 110 Conn. 367, 370, 148 A. 139; *Vinci* v. *O'Neill,* 103 Conn. 647, 651, 131 A. 408.

As to the second claim, the court found that the named defendant, who supervised the property, had often been told of the rumpled condition of the rug. This unchallenged fact fully met the requirements of actual notice of the danger lurking in the twisted piece of fiber lying on the porch floor.

As to the third claim, the finding recites that "the plaintiff . . . was careful and was watching where she was going before she fell." The question of freedom from contributory negligence was one of fact for the trier. We cannot disturb its decision. *Brandt* v. *Rakauskas,* 112 Conn. 69, 75, 151 A. 315.

There is no error.

In this opinion the other judges concurred.