# Richmond

### Barbara Paytan v. Maxwell Rowland.

June 12, 1967.

Record No. 6428.

Present, All the Justices.

*Montgomery Knight, Jr.* (*Doumar, Pincus, Anderson & Knight,* on brief), for plaintiff in error.

*William C. Walker* (*James A. Howard; Breden, Howard & Mac- Millan,* on brief), for defendant in error.

GORDON, J., delivered the opinion of the court.

Barbara Paytan brought this action against her landlord, Maxwell Rowland, to recover damages for injuries suffered when she fell through the back porch on premises she had rented from him. After filing grounds of defense, including a plea of contributory negligence, Rowland's counsel took a discovery deposition of Mrs. Paytan. He then filed a motion for summary judgment, asserting that Mrs. Paytan had not made out a cause of action sufficient in law.

The trial court considered the motion on the pleadings and the discovery deposition, and entered summary judgment for the defendant landlord. Mrs. Paytan now appeals from that judgment.

The record does not indicate why the trial court entered summary judgment for Rowland. Counsel for Mrs. Paytan says the court concluded on the basis of her deposition that she was contributorily negligent as a matter of law. This conclusion, he contends, was erroneous.

Counsel for Rowland contends that the trial court properly entered summary judgment because Mrs. Paytan's deposition proved she had exclusive possession of the porch through which she fell and, therefore, Rowland could not be held liable for her injuries. A landlord has no duty, he says, to maintain premises under the tenant's exclusive control. In the alternative Rowland's counsel contends that Mrs. Paytan's deposition proved she was contributorily negligent.

Rowland showed Mrs. Paytan a downstairs apartment at 304 Graydon Avenue, Norfolk, in April 1963. Mrs. Paytan noticed that the wooden back porch was in bad condition. She described it as "kinda shaggy-like and the bannister was all loose and everything. It was just shaggly". Rowland assured her that he would "put a cement porch on the back" if she rented the apartment. Mrs. Paytan rented the apartment under an oral lease. Rowland did nothing about the porch before Mrs. Paytan fell through the floor in April 1964, except "[h]e snatched the bannister down".

According to Mrs. Paytan it was "dusk dark" when the accident happened. She walked out her back door and proceeded across the

porch carrying a bag of garbage, which she intended to put in a garbage can in the back yard. She said "as I got further down the porch, it just broke". She fell through the floor and onto the ground.

Mrs. Paytan described the porch as "rotten"; she admitted that "[t]he whole porch was loose and raggily and wobbly". But when she was asked at another point in her deposition whether she "knew that piece of porch where you fell was rotten out and he didn't fix it", she answered: "I didn't know this part was rotten; I knew the boards were loose on the other side, but when I went to walk over the porch, it just broke right on through * * * I didn't have no idea that this part was rotten like the other part".

When asked whether she understood that the back porch was part of the property rented from Rowland, Mrs. Paytan answered "Yes". But Mrs. Paytan said "he [Rowland] didn't indicate about the porch being mine . . ." and when counsel asked whether she understood "it was your porch and not somebody else's", she answered "Well, everybody in the apartment used it". She then explained that tenants in the upstairs apartment or apartments used the back porch on the ground floor "to hang clothes".

She indicated at another point in her deposition that other tenants used the porch also for storage. She said that when she rented the apartment "a bunch of stuff" was stored on the back porch. She couldn't say "offhand" what was stored there. "There was an umbrella and a ice chest . . . people were just using the porch and yard anytime they get ready and most of the time I worked". Mrs. Paytan did not use the porch for storage.

In determining whether the trial court was correct in entering summary judgment for the defendant-landlord, we must first determine what duty he owed the plaintiff-tenant.

[1-2] Rowland had no duty to maintain in a safe condition any part of the leased premises that was under Mrs. Paytan's exclusive control. *Oliver* v. *Cashin*, 192 Va. 540, 65 S.E.2d 571 (1951). But he had a duty to use ordinary care to maintain in reasonably safe condition any part of the leased premises that was reserved for the common use of all tenants. *Wagman* v. *Boccheciampe*, 206 Va. 412, 143 S.E.2d 907 (1965); *City of Richmond* v. *Grizzard*, 205 Va. 298, 136 S.E.2d 827 (1964); *Revell* v. *Deegan*, 192 Va. 428, 65 S.E.2d 543 (1951).

If, then, Mrs. Paytan's deposition shows that she had the right to exclusive possession of the back porch, Rowland owed her no duty to maintain the porch in a safe condition. Conversely, if her testimony

can be interpreted as showing that she had the right to use the porch only in common with other tenants of the building, Rowland owed her the duty to use ordinary care to keep the porch in a reasonably safe condition.

[3] Mrs. Paytan's testimony does not show as a matter of law that she had the right to exclusive possession of the back porch. She testified "he [Rowland] didn't indicate about the porch being mine . . .". She said that tenants living in the upstairs apartments used the back porch to hang clothes and for storage. She said the upstairs tenants "were just using the porch . . . anytime they get ready".

Because Mrs. Paytan's deposition raised a question of fact—whether she had the right to exclusive possession of the back porch or whether she had the right to use it only in common with other tenants of the building—the trial court could not have properly entered summary judgment for Rowland on the ground that he owed her no duty to exercise ordinary care to maintain the porch in a reasonably safe condition.

[4] In the preceding discussion of duty, we have not considered any duty imposed upon Rowland by virtue of his agreement to replace the existing back porch with a concrete porch. Such contractual duty has no bearing on the outcome of this case because a landlord cannot be liable in tort for injuries to a tenant that result from the breach of an agreement to repair. *Caudill* v. *Gibson Fuel Co.*, 185 Va. 233, 38 S.E.2d 465 (1946).

[5] The remaining question, whether Mrs. Paytan was contributorily negligent, should also be resolved by the trier of fact; not by summary judgment. A tenant is not contributorily negligent as a matter of law when she walks across a porch that affords the only practicable access to the back yard, even though she knows the porch is in bad condition. See *Apartments, Inc.* v. *Bisson*, 207 Va. 474, 150 S.E.2d 540 (1966); *Lowe* v. *Community Inv. Co.*, 119 W.Va. 663, 196 S.E. 490 (1938). Mrs. Paytan testified that she didn't know the part of the porch she fell through was rotten: "I didn't have no idea that this part was rotten like the other part". Reasonable men could disagree whether Mrs. Paytan exercised due care under the facts disclosed by the record before us. *Apartments, Inc.* v. *Bisson*, *supra*; *accord, Campagna* v. *Cozzi*, 59 Ill. App.2d 208, 207 N.E.2d 739 (1965); *Lubritsky* v. *Lonergan*, 140 Conn. 300, 99 A.2d 187 (1953).

We therefore reverse the order granting the summary judgment and remand the case for trial on the merits.

*Reversed and remanded.*