CONNECTICUT CAR RENTAL, INC. *v.*
RICHARD PATLA
(14246)

Landau, Schaller and Stoughton, Js.

___

[9] See footnotes 1 and 4.

Argued January 16—officially released June 11, 1996

*F. Woodward Lewis, Jr.*, for the appellant (defendant-third party plaintiff).

*Beverly Johns*, for the appellee (third party defendant).

STOUGHTON, J. The defendant, Richard Patla, appeals from the judgment rendered on his third party complaint in favor of the third party defendant, Allstate Insurance Company (Allstate). On appeal, the defendant claims that the trial court abused its discretion by (1) finding no insurance coverage for damage to an automobile he rented despite his claim that the insurance policy lacked conspicuous notice that the policy does not cover rental vehicles, as required by General

Statutes § 38a-335 (b), (2) interpreting language in the policy in a manner inconsistent with § 38a-334-5 et seq. of the Regulations of Connecticut State Agencies, (3) not requiring the third party defendant, Allstate, to bear the burden of proof on the exclusion, and (4) taking the issue of rental vehicle coverage from the jury.

The following facts are undisputed. On or about March 19, 1993, the defendant rented an automobile from the plaintiff, Connecticut Car Rental, Inc. (Connecticut Car). David Patla, the defendant's brother, was an additional driver under the rental contract. David Patla was operating the automobile a few days later when it was damaged in a collision.

The rental contract provided, inter alia, that the automobile must be returned in the condition in which it was received. On or about August 17, 1993, Connecticut Car instituted an action against the defendant to recover for the damage to the automobile and certain costs and expenses. David Patla, at the time of the collision, was the named insured on an automobile liability policy (policy) issued by Allstate. The defendant, therefore, filed a motion to implead Allstate as a third party defendant, which the trial court granted.

In his third party complaint, the defendant alleged that he rented the automobile for David Patla, who was driving at the time of the collision. The defendant further alleged that David Patla was insured by Allstate under a policy providing coverage for any nonowned automobile used by the insured or a resident relative with the owner's permission. The defendant claimed that Allstate was or might be liable to him for all or part of Connecticut Car's claim because he was a third party beneficiary of the insurance contract between David Patla and Allstate.

Connecticut Car and the defendant stipulated that the property damage claim amounted to $11,060.50 and

that the defendant is liable for that amount. Allstate agreed that the defendant is insured under the policy and that it would not raise as a coverage defense the fact that the defendant had agreed to the amount of damages claimed by Connecticut Car.

The trial court rendered judgment in favor of Connecticut Car against the defendant in accordance with the facts agreed to in a stipulation. The issue for the trial court was whether the policy covered the defendant's liability to Connecticut Car. Although the case had been claimed to the jury, the trial court determined that interpretation of the insurance contract on the issue of coverage was a question of law and withdrew the issue from the jury. Thereafter, the trial court decided that coverage was excluded by the contract and rendered judgment with respect to the third party complaint in favor of Allstate.

Although the defendant alleged that Allstate was or might be liable to pay the Connecticut Car claim against him because he was a third party beneficiary of the contract, there is no allegation that Allstate and David Patla intended that Allstate should assume a direct obligation to the defendant. See *Westport Bank & Trust Co.* v. *Corcoran, Mallin & Aresco*, 221 Conn. 490, 493, 605 A.2d 862 (1992); *Stowe* v. *Smith*, 184 Conn. 194, 196, 441 A.2d 81 (1981). This deficiency has not been raised by the third party defendant and we, therefore, disregard it in this case.

I

The defendant first claims that the trial court should have found coverage because the exclusionary language relied on by the trial court fails to satisfy § 38a-335 (b). He claims liability coverage, under part I of the policy,[1]

---

[1] This is not a claim under part VI of the policy, which pays for loss to the automobile from a collision, if collision coverage is indicated on the "declarations page" of the policy.

for claims resulting from accidents "arising out of the ownership, maintenance or use, loading or unloading of the auto we insure."[2]

Part I, paragraph four, of the policy defines an "insured auto" to include "[a] non-owned auto used by you or a resident relative with the owner's permission. This auto must not be available or furnished for the regular use of an insured person." It was conceded at oral argument that the Patla brothers were residents of the same household. Thus, either the defendant or David Patla would have been insured against liability for damages he became legally obligated to pay arising out of ownership, maintenance or use, or loading or unloading of the automobile. There is no question that the Allstate policy covered David Patla for liability while operating the rental vehicle.

Allstate, however, claimed that there was no coverage in this instance because of an exclusion from coverage in part I, paragraph six, for "injury or destruction of property an insured person owns, is in charge of, or rents." The trial court, in its oral decision on November 17, 1994, agreed, finding that the language of the insurance contract was clear and unambiguous, and that Allstate had established by a fair preponderance of the evidence that this exclusion applied. The court, therefore, found that there was no coverage. The court specifically relied on *Lyon* v. *Aetna Casualty & Surety Co.*, 140 Conn. 304, 99 A.2d 141 (1953), apparently agreeing with Allstate that damage to a rental vehicle was excluded from coverage.

---

[2] Part I of the policy, under the heading "Automobile Liability Insurance, Bodily Injury—Coverage AA, Property Damage—Coverage BB," provides in part: "Allstate will pay for all damages an insured person is legally obligated to pay—because of bodily injury or property damage meaning:

"(1) bodily injury, sickness, disease or death to any person, including loss of services; and

"(2) damage to or destruction of property, including loss of use.

"Under these coverages, your policy protects an insured person from

In *Lyon,* our Supreme Court held that the defendant insurer was not liable under a liability insurance policy for any sums the plaintiff garage owner might become obligated to pay as a result of damage caused by a fire to automobiles left at his shop for repairs. Id., 309–10. The basis on which the court found no coverage was an exclusion for damage to " 'property owned by, rented to, in charge of or transported by the Insured.' " Id., 307. The court in *Lyon* found that the plaintiff garage owner was "in charge of" the automobiles at issue within the meaning of the exclusionary clause. Id., 310.

Although the exclusionary language in the present case is nearly identical to that in *Lyon,* the defendant claims that the rental car exclusion does not apply here because the policy did not contain or have attached to it a "conspicuous statement" specifying that coverage is excluded for a rental car, as required by § 38a-335 (b).[3] He asserts that § 38a-335 (b) "overrules" *Lyon,* requiring a conspicuous statement before this exclusion can apply. The defendant claims that the policy here contains no such conspicuous statement of an exclusion of coverage for rental vehicles.

Section 38a-335 (b) no doubt was enacted so that policyholders would know whether they were covered while operating rental vehicles. It is unnecessary, however, to the determination of coverage in this case to decide whether § 38a-335 (b) "overrules" *Lyon* or

claims for accidents arising out of the ownership, maintenance or use, loading or unloading of the auto we insure."

[3] General Statutes § 38a-335 (b) provides: "Each automobile liability insurance policy issued, renewed, amended or endorsed on or after October 1, 1988, and covering a private passenger motor vehicle as defined in subsection (g) of section 38a-363, shall contain or have attached thereto a conspicuous statement specifying whether the policy provides liability, collision or comprehensive coverage for damage to a rented private passenger motor vehicle and, where the policy provides such coverage, the limit of coverage provided and whether any deductible amount applies."

whether the rental vehicle language in the policy here constitutes a sufficiently conspicuous statement to satisfy the statute. The issue of whether the rental vehicle language satisfies the statute is a "red herring" in this case. The issue is not whether a rental vehicle is properly excluded from coverage, but whether part I of the policy relied on by the defendant provided coverage for *any* vehicle for the type of claim made here.

Connecticut Car's claim against the defendant arises out of the rental contract and not out of the use of the automobile by the defendant. The insurance contract does not cover contractual liability. The defendant's claim is, therefore, that he is a third party beneficiary of the insurance contract and, although not clearly articulated by him, that Allstate is liable to pay his claim against David Patla for damage to the automobile. Because David Patla was in charge of the automobile when it was damaged, however, the exclusion applies and the damage to the automobile is not covered. *Lyon* v. *Aetna Casualty & Surety Co.*, supra, 140 Conn. 310.

The same provision that excludes liability coverage for damage to a rental vehicle excludes coverage for liability for damage to a vehicle that the insured person is "in charge of." It is undisputed that David Patla was "in charge of" the vehicle in question in this case. The exclusion, therefore, applies without the necessity of looking to the "rental vehicle" language. The damage to the vehicle in question is not covered under the clear language of the contract. Id. This would be so whether the vehicle was owned or rented.

The exclusion of coverage for damage to "property an insured person owns, is in charge of or rents," in essence, means that only "liability coverage," and not "collision coverage," is provided. It means that coverage is provided for liability for damage inflicted on others and their property by an insured's operation of a cov-

ered vehicle. Coverage is not provided for liability for damage caused to the vehicle that, under the control of the insured, inflicts the damage. The defendant's claim is essentially a claim for "collision coverage," that is, coverage of damage to the vehicle "in the control of" the insured at the time of the incident in question. Such damage is not covered. Thus, we reach our conclusion on the basis of a portion of the same exclusion different from that on which the trial court relied. See *Iovieno* v. *Commissioner of Correction*, 40 Conn. App. 553, 557, 672 A.2d 530 (1996).

## II

The claim that the trial court erroneously interpreted the exclusion in a manner inconsistent with § 38a-334-5 (c)[4] of the Regulations of Connecticut State Agencies

---

[4] Section 38a-334-5 (c) of the Regulations of Connecticut State Agencies, entitled "Exclusions," provides: "The insurer's obligation to pay and defend may be made inapplicable:

"(1) To liability assumed under contract;

"(2) to intentionally caused injury or damage;

"(3) to any obligation of the insured to provide workers' compensation or disability benefits or to cover liability of an employer for employee injuries;

"(4) to the use of a motor vehicle as a public or livery conveyance;

"(5) to bodily injury or property damage resulting from the radioactive, toxic, explosive or other hazardous properties of source, special nuclear or byproduct material, each as defined in the Atomic Energy Act of 1954, as amended;

"(6) while the private passenger motor vehicle is used for towing a trailer, designed for use with other than a private passenger motor vehicle which is owned or hired by the insured and not covered by like insurance in the same company;

"(7) to damage to property (A) owned or transported by the insured or (B) rented to or in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control, other than property damage to a residence or private garage by a private passenger motor vehicle covered by this insurance;

"(8) to the operation of a motor vehicle by an individual or individuals specifically named by endorsement accepted by the insured, the form of which has been accepted for filing by the insurance commissioner;

"(9) to liability arising out of pollution or contamination;

"(10) to bodily injury or property damage due to war, whether or not declared, civil war, insurrection, rebellion or revolution, or to any act or

is similarly without merit. Section 38a-334-5 (c) (7) (B) permits exclusions for damage to property "rented to or in the care, custody or control of the insured . . . other than property damage to a residence or private garage by a private passenger motor vehicle covered by this insurance . . . ." The defendant suggests that this exclusion applies not to vehicles but to property damage other than damage to vehicles. The plain meaning of the section is otherwise. Coverage was excluded because the vehicle was in the control of the operator.

## III

The claim that Allstate was not required to bear its burden of proof that the policy contained or had attached to it a conspicuous statement concerning coverage for rental vehicles is also without merit. Damage caused by operation of the vehicle by an insured was covered, but the damage to the vehicle itself was excluded from coverage because the vehicle was in the control of the insured, not because it was a rental vehicle.

## IV

Last, the defendant claims that a jury should have been allowed to decide whether the requirement of a conspicuous statement had been met. As previously

condition incident to any of the foregoing;

"(11) to bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of any

"(A) haulaway, tank truck or tank trailer or any automobile used therewith owned, hired or held for sale by the named insured;

"(B) motor vehicle (i) while being used in any prearranged or organized racing, speed or demolition contest or in any stunting activity or in practice or preparation for any such contest or activity, or

"(ii) while rented to others by the named insured unless to a salesman for use principally in the business of the named insured, or

"(iii) while being used by the insured as a public or livery conveyance or for carrying property for a charge.

"(12) To bodily injury to any passenger while occupying a motorcycle."

noted, the vehicle was excluded from coverage because it was in the control of the insured, and not because it was a rental vehicle. The issue of whether the conspicuous statement requirement was met is, therefore, not relevant to our decision in this appeal.

The judgment is affirmed.

In this opinion the other judges concurred.