In this action, the plaintiff, Team Rental Group, Inc. (Team Rental), a car rental company, seeks to recover damages from the named defendant and the defendant Hartford Insurance Company of the Midwest, Inc., insurance carriers for Felix Velez, for property damage to an automobile rented by him from Team Rental. That automobile was later damaged in an accident when it was being operated by Michael Velez, a grandson of Felix Velez, allegedly without authority.
The following facts appear to be undisputed. Felix Velez was insured under an automobile policy issued *Page 481 
by the defendants. On September 13, 1996, Felix Velez rented a car from the plaintiff, naming himself as the sole authorized driver. While Felix Velez was asleep, his grandson, Michael Velez, took the keys to the rental car from Felix Velez' jacket and proceeded to drive the vehicle. Michael Velez was neither a named insured on Felix Velez' automobile policy nor was he named as an authorized driver on the car rental agreement. Felix Velez did not give Michael Velez permission to take his keys or to drive the rental car, and Michael Velez knew that he did not have permission to take the keys or to drive the rental car. On the morning of September 14, 1996, while Michael Velez was driving the rental car, he was involved in an accident resulting in property damage to the rental car. The plaintiff brought a negligence action against Felix Velez to recover sums for the property damage to the rental car and received a judgment on November 26, 1997, in the amount of $17,014.48.
Pursuant to General Statutes § 38a-321, the plaintiff brings the present action against Felix Velez' automobile insurance carriers, alleging that the judgment against Felix Velez for property damage to the rental car was not paid within thirty days and that the defendants have failed to assume liability for the loss in violation of § 38a-321.
The defendants move for summary judgment on the ground that coverage is excluded under the policy for damages to a car rented to the insured and for damages to a nonowned auto used by a family member without a reasonable belief that he was entitled to do so. The plaintiff argues that coverage exists under the policy for a nonowned auto used as a temporary substitute for the insured's own auto while it is out of normal use, and the rental car qualifies as such. The plaintiff argues *Page 482 
further that coverage exists because Felix Velez reasonably believed that he was entitled to use the rental car, even if Michael Velez did not.
 I
The plaintiff claims that coverage exists under part A, "LIABILITY COVERAGE," of Felix Velez' automobile insurance policy. The insuring agreement, contained in part A, provides in relevant part: "We will pay damages for . . . property damage for which any insured becomes legally responsible because of an auto accident. . . . We have no duty to defend any suit or settle any claim for . . . property damage not covered under this policy." The "EXCLUSIONS" section provides in relevant part: "We do not provide Liability Coverage for any insured . . . 2. For property damage to property owned or being transported by that insured. 3. For property damage to property: a. Rented to; b. Used by; or c. In the care of; that insured."
In Lyon v. Aetna Casualty Surety Co., 140 Conn. 304, 99 A.2d 187
(1953), our Supreme Court held that the insurance company was not liable under a liability insurance policy for any sums which the insured was obligated to pay as a result of fire damage to autos left at the insured's garage for repairs. At issue was a policy exclusion which provided: "This policy does not apply . . . to property owned by, rented to, in charge of or transported by the Insured." (Internal quotation marks omitted.) Id., 307. Agreeing that the insured was "in charge of" the automobiles at the time the damage to them occurred, the court affirmed the trial court's determination that coverage was excluded. Id., 311.
A similar exclusion was at issue in Connecticut CarRental, Inc. v. Patla, 41 Conn. App. 632, 677 A.2d 967
(1996). The exclusion provided that there was no coverage for "injury or destruction of property an insured *Page 483 
person owns, is in charge of, or rents." (Internal quotation marks omitted.) Id., 636. Relying on Lyon v. AetnaCasualty Surety Co., supra, 140 Conn. 304, the Appellate Court affirmed the judgment of the trial court, holding that coverage was excluded based on the fact that the insured, who was operating a rented vehicle, was "in charge of" the vehicle when it was damaged. Id., 638. The court explained: "The exclusion of coverage for damage to `property an insured person owns, is in charge of or rents,' in essence, means that only `liability coverage,' and not `collision coverage,' is provided. It means that coverage is provided for liability for damage inflicted on others and their property by an insured's operation of a covered vehicle. Coverage is not provided for liability for damage caused to the vehicle that, under the control of the insured, inflicts the damage. The . . . claim [made to the insurance company] is essentially a claim for `collision coverage,' that is, coverage of damage to the vehicle `in the control of' the insured at the time of the incident in question. Such damage is not covered." Id., 638-39.
Finally, in Hine v. American Mutual Liability Ins.Co., 20 Conn. Sup. 455, 139 A.2d 500 (1958), the plaintiffs recovered a judgment against McCleary Bros., Inc.(McCleary), for property damage negligently inflicted upon the plaintiffs' truck by employees of McCleary while the truck was being gratuitously loaned to McCleary. The plaintiffs then brought suit against McCleary's automobile liability insurance carrier pursuant to General Statutes (Rev. to 1949) § 6191, the predecessor to § 38a-321, to recover the amount of the judgment. An exclusion in the policy provided: "This Policy does not apply . . . to injury to or destruction of property owned or transported by the insured, or property rented to or in charge of the insured . . . ." (Internal quotation marks omitted.) Id., 457. After first *Page 484 
determining that the language of the exclusion disclosed no ambiguity, the court found that "the intendment of the insurance agreement was to cover McCleary's business operation but not the liability incurred by it for injury to property which it owned, rented, carried, controlled, exercised dominion over, or was in charge of. Such exclusions are proper items of agreement." Id., 459-60. Relying on Lyon v. AetnaCasualty Surety Co., supra, 140 Conn. 304, the court found that "[b]ecause [the truck] was being used by McCleary, the vehicle was `in charge of the insured' within the meaning of the exclusion" and thus coverage was excluded. Hine v. American Mutual Liability Ins.Co., supra, 459.
In the present action, it is undisputed by the parties that the vehicle in question was rented to Felix Velez pursuant to a rental agreement with the plaintiff. The automobile insurance policy issued to Felix Velez by the defendants unambiguously excludes coverage for damage caused to property rented to the insured. While the car was being so rented to Felix Velez, it sustained damage; and it is for this damage to the rental car itself that Felix Velez has been held liable. However, "[l]iability cannot be imposed upon the defendant insurance carrier simply because . . . the policyholder, is legally liable to answer in damages to the [plaintiff]. The insurance carrier's liability can arise only because of and under the terms of the insurance contract." Id., 457. It must be concluded that liability coverage under Part A of the policy is excluded.
 II
The plaintiff claims further that Felix Velez is covered for the damage to the rental car under Part D of the policy, "COVERAGE FOR DAMAGE TO YOUR AUTO." The insuring agreement under Part D provides in relevant part: "We will pay for direct and accidental loss *Page 485 
to . . . any non-owned auto. . . ." "Non-owned auto" is defined as: "1. Any private passenger auto, pickup, van or trailer not owned by or furnished or available for the regular use of you or any family member while in the custody of or being operated by you or any family member; or 2. Any auto or trailer you do not own while used as a temporary substitute for your covered auto which is out of normal use because of its: a. Breakdown; b. Repair; c. Servicing; d. Loss; or e. Destruction."
The parties do not dispute that the rental car was a "non-owned auto," although they do dispute under which of the two alternate parts of the definition of "non-owned auto" it ultimately falls. Resolution of this dispute is immaterial, however, since regardless of under which definitional part it falls, coverage is excluded by the express terms of the policy. The "EXCLUSIONS" contained in Part D provide in relevant part: "We will not pay for . . . 7. Loss to any nonowned auto when used by you or any family member without a reasonable belief that you or that family member are entitled to do so."
No material question of fact has been raised as to whether Michael Velez, the grandson of Felix Velez, was using the rental car at the time the damage to the car occurred and that he did not possess a reasonable belief that he was entitled to use the rental car. The defendants have submitted evidence undisputed and unrefuted by the plaintiff that Michael Velez was well aware of the fact that he did not have express or implied permission to use the rental car. The plaintiff's argument that the exclusion does not apply because Felix Velez reasonably believed that he was entitled to use the car is irrelevant to any material question of fact because Felix Velez was not the one using the car when the loss occurred.
Since the exclusion clearly applies and Felix Velez may not recover for the damage to the rental car under *Page 486 
Part D of the policy, the plaintiff also cannot recover from the defendants in the present action since the plaintiff simply stands in the shoes of Felix Velez when making a claim under § 38a-321. Hine v. AmericanMutual Liability Ins. Co., supra, 20 Conn. Sup. 460.
The defendants' motion for summary judgment is granted.