The Plaintiff, 10 Westport Holdings, filed a complaint which alleges trespass, negligence, reckless misconduct, and nuisance against the defendants Wilton Hunt Limited Partnership (Wilton Hunt) and ERA II, Inc. Subsequently, Wilton Hunt filed a motion to implead Travelers Property and Casualty Corporation (Travelers) as a third party defendant, which was granted by the court, (Ryan, J.)
Wilton Hunt's third party complaint alleges the following facts: Wilton Hunt is a subsidiary of Toll Brothers, Inc. and claims that Toll Brothers entered into an agreement with ERA II for the excavation and installation of a sewer line along Wilton Road. ERA II agreed to procure and maintain insurance for the terms specified in the agreement and the policy named Toll Brothers along with its subsidiaries and affiliates as the insured parties, which included Wilton Hunt. Travelers, as a successor in interest to Aetna Casualty and Surety Co., issued the insurance policy to ERA II. Wilton Hunt alleges that the policy provides coverage for the alleged injuries and losses sustained by the plaintiff, and that Travelers must assume its defense and provide indemnification for claims against it.
Travelers filed a motion to strike the third party complaint on the following grounds: 1) it is improperly joined with the underlying action, 2) the complaint violates public policy, and 3) the policy does not provide coverage.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied . . ." (Citations omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825-26, CT Page 272676 A.2d 357 (1996).
Travelers first moves to strike on the ground that Wilton Hunt's contract claim in the third-party complaint does not involve the same issues as the underlying tort claims brought by the first-party plaintiff and, therefore Travelers has been improperly joined. In opposition, Wilton Hunt asserts it has properly alleged a third-party complaint pursuant to General Statutes § 52-102a(a), which allows it to implead Travelers as a third-party defendant.
General Statutes § 52-102a(a) provides: "A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action or work an injustice upon the plaintiff or the party sought to be impleaded."
"An impleading party has the burden of alleging facts sufficient to bring an action within the requirements of the statute . . . As a fundamental and threshold requirement, a third party plaintiff must allege that the third party defendant is or maybe liable to the third party plaintiff for all or part of the plaintiff's claim against him."(citation omitted.)Commissioner v. Lake Phipps Land Owners Corporation,3 Conn. App. 100, 102 A.2d 580 (1985). A motion to strike is the proper vehicle for challenging the propriety of an impleader complaint. Id. n. 2.
In its complaint, Wilton Hunt alleges that Travelers is legally responsible for Westport's injuries and losses pursuant to an insurance policy that lists Wilton Hunt as an insured party. Based upon these allegations, Wilton Hunt has properly impleaded Travelers. Although Travelers contends that Wilton Hunt's complaint is separate and distinct from the underlying complaint, Travelers argument is misplaced. Travelers cites Hunt v. Hunt, Superior Court, judicial district of New London at New London, Docket No. 525941 (November 30, 1994) (Austin, J.) (13 CONN. L. RPTR. 126), to support its position. In that case, however, the court granted a motion to strike a cross claim where the insurer was already named as a defendant in the CT Page 273 case. The court found that the defendant's cross claim was legally insufficient due to its failure to meet the elements of the transaction test. Id.
In the present case, the motion to strike is directed toward a third party impleader complaint and the requirements of the transaction test do not apply. Contrary to Travelers' contention, courts have allowed the impleading of an insurer to provide or to determine if the insurer should provide coverage an a defense for a third party plaintiff-defendant. See, e.g. Kellyv. Figueiredo, 223 Conn. 31, 610 A.2d 1296 (1992); ConnecticutCar Rental, Inc. v. Patla, 41 Conn. App. 632, 677 A.2d 967
(1996); Cole v. East Hartford Estates Ltd., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 547179 (May 16, 1996) (Shelton, J.) (16 CONN. L. RPTR. 579). Accordingly, the motion to strike cannot be granted on Travelers' first ground.
Travelers further moves on the ground that the complaint violates public policy. Travelers maintains that Wilton Hunt seeks indemnification for its own negligence and it would violate public policy to indemnify Wilton Hunt pursuant to General Statutes § 52-572k(a), the statute providing that hold harmless clauses are violative of public policy in certain construction contracts. Travelers asserts that the prohibitions under § 52-572k(a) prevent it from being liable to Wilton Hunt. In addition, Travelers moves on the ground that Wilton Hunt's request for a defense and indemnity is not covered under the policy.
As to the second and third grounds asserted by Travelers, Wilton Hunt maintains that Travelers' assertions are based on excerpts from a copy of the insurance policy which Travelers attached to its memorandum in support. Wilton Hunt did not attach a copy of the policy to the complaint, and thus, contends that Travelers' motion is a speaking motion.
In the alternative, with respect to the second ground, Wilton Hunt argues that it does not seek indemnification for its own negligence, and even if it did § 52-572k(a) does not bar such a suit. Wilton Hunt maintains that even if the court were to consider the excerpts from the policy submitted by Travelers, Travelers would be required to provide coverage under the terms of the policy.
Travelers' arguments to support its second and third grounds CT Page 274 are based upon the excerpts from the policy that it has attached to its supporting memorandum. As noted above, although Wilton Hunt refers to the policy in question, it did not submit the policy as an exhibit, and therefore the second and third grounds asserted by Travelers constitute a speaking motion to strike. In the context of a motion to strike the court is "limited . . . to a consideration of the facts alleged in the complaint. A speaking motion to strike (one imparting facts outside the pleadings) will not be granted . . ." (Citations omitted; internal quotation marks omitted.) Doe v. Marselle, 38 Conn. App. 360, 364,660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845,675 A.2d 835 (1996). Therefore, the court will not grant Travelers motion to strike as to the second and third grounds. See Little v.Metropolitan Property Casualty Insurance, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321062 (June 9, 1995) (Freedman, J.) (denying a defendant's motion to strike where defendant attached a copy of a policy which was not part of the pleadings); Martin Sons, Inc. v. ConvenantInsurance Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 508599 (May 4, 1994, Hennessey,J.) (same); Connecticut State Oil Co. v. Carbone,36 Conn. Sup. 181, 415 A.2d 771 (1979) (motion to strike denied due to the annexation of an agreement not contained in the pleadings).
Based on the foregoing, the court denies Travelers' motion to strike.
So Ordered.
D'ANDREA, J.