PRESENT: Carrico, C.J., Compton, Lacy, Keenan, Koontz, and
         Kinser, JJ., and Whiting, Senior Justice

LINDA H. WOHLFORD

                                          OPINION BY
v.  Record No. 990320      SENIOR JUSTICE HENRY H. WHITING
                                        January 14, 2000
GLADYS A. QUESENBERRY

              FROM THE CIRCUIT COURT OF BEDFORD COUNTY
                    James W. Updike, Jr., Judge

        We are required to determine whether the Uniform

Statewide Building Code (the BOCA Code) has modified the common

law rule that a tenant who has exclusive possession and control

of a premises, absent an agreement to the contrary, is

responsible for its maintenance and repair.  Since the court

sustained a demurrer to a tenant's counterclaim asserting that

the common law rule was so modified, we state the facts as

alleged in the counterclaim.

        In July 1997, Gladys A. Quesenberry (the landlord) rented

a residence in Bedford County to Linda H. Wohlford (the tenant)

under a month-to-month lease.  Nothing was said in their oral

lease about who would maintain the premises.

        In the fall of 1997, the roof leaked and the furnace

malfunctioned, both conditions causing damage to the tenant's

personal property.  Additionally, soot and fumes from the

malfunctioning furnace caused personal injury to the tenant.

     Upon the tenant's failure to pay the rent, the landlord

filed an unlawful detainer warrant against her in the general

district court, and the tenant removed this action to the Circuit Court of Bedford County.  The tenant filed a counterclaim in which she asserted the above facts.

The tenant contended that the landlord's duties of maintenance and repair of the defective conditions in the premises arose under the National Property Maintenance Code (the Maintenance Code, PM-__), a part of the codes and regulations adopted by the Board of Housing and Community Development (the Board) pursuant to Code § 36-98.[1]  Accordingly, the tenant contended that the landlord was guilty of negligence per se in her violations of the code provisions.

The court sustained the landlord's demurrer and dismissed the counterclaim.  Thereafter, the tenant vacated the premises, and the landlord nonsuited her unlawful detainer claim.  The tenant appeals the dismissal of her counterclaim.

The tenant claims that the landlord's duties of repair and maintenance were expressly created in the Maintenance Code.  The following Maintenance Code sections require (1) that "fuel burning appliances shall be properly installed and maintained in a safe working condition, and shall be capable of performing the

---

[1] Code § 36-99 also authorizes the Board to prescribe appropriate regulations having due regard to generally accepted standards recommended by nationally recognized organizations.  The BOCA and the Maintenance Codes were some of the recommended standards adopted by the Board.

2

intended function," PM-603.1, and (2) that "[t]he roof and flashing shall be sound, tight and not have defects that admit rain."  PM-304.7

The parties agree that these duties exist under the Maintenance Code.  However, they disagree as to who has these duties in this case.  Because she leased the entire premises, the tenant recognizes that she would have had those duties at common law since the lease is silent on the subject.  See Kesler v. Allen, 233 Va. 130, 133, 353 S.E.2d 777, 779 (1987); Paytan v. Rowland, 208 Va. 24, 26, 155 S.E.2d 36, 37 (1967).  The tenant contends, however, that the BOCA and Maintenance Codes shifted these responsibilities to the landlord in this case.

The landlord responds that Code § 36-97 and Section 202.0 of the BOCA Code embrace the common law rule by their inclusion of a lessee in control of a building or structure in their definitions of an "owner" as one who has the described repair and maintenance responsibilities.[2]  The landlord also notes that

---

[2] The relevant provisions of Code § 36-97 are:

As used in this chapter, unless the context or subject matter requires otherwise, the following words or terms shall have the meaning herein ascribed to them, respectively:

. . . .

"Owner" means the owner or owners of the freehold of the premises or lesser estate therein, a mortgagee or vendee in

3

Section 201.1 of the BOCA Code provides that, unless otherwise expressly stated, its specific definition of listed words, one of which is an "owner," shall have the listed meanings in applying its provisions. The landlord points out that Section 201.3 of the BOCA Code provides "[w]here terms are not defined in this code and are defined in [three other listed codes, none of which is the Maintenance Code] such terms shall have the meanings ascribed to them as in those codes."

Because the term "owner" is defined in Code § 36-97 and in the BOCA Code, we conclude that their definition applies to the tenant. The tenant claims, however, that in requiring the tenant to permit the landlord access to the premises for the discharge of landlord maintenance and repair responsibilities, the Maintenance Code implies a landlord's right to enter the premises. Accordingly, the tenant reasons that she never had the necessary control of the premises required either at common law or under the Codes' definition of "owner."

The tenant's reasoning is flawed because its major premise is that the landlord has the maintenance and repair responsibilities specified in the Maintenance Code. As we stated earlier, the BOCA and Maintenance codes impose

---

possession, assignee of rents, receiver, executor, trustee, or lessee in control of a building or structure. (Emphasis added.)

4

responsibilities on the "owner" of the premises as defined in Code § 36-97 and the BOCA Code.  Because the tenant was the person in control of the premises, not the landlord, the tenant is the defined "owner" under the facts of this case, and the tenant has the maintenance and repair responsibilities claimed. Hence, we conclude that under the circumstances described in this case, none of the code sections relied upon created a liability upon the landlord for the damages and injuries alleged in the counterclaim.

Accordingly, the judgment of the trial court will be

Affirmed.