## CIRCUIT COURT OF AMHERST COUNTY

Eugene H. Goodman

v.

Barry Wills
and Debra Wills

February 10, 2005

Case No. CL0300-5906-00

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the motion for summary judgment filed on behalf of the defendants. The motion is granted and the case is dismissed.

Under the allegations of the motion for judgment and the responses to interrogatories, it is established that the plaintiff leased certain residential premises from the defendants. The parties agreed that these premises are not governed by the Virginia Residential Landlord and Tenant Act. Further, the parties agreed that a written lease cannot be established. Also, the parties agreed that the injuries complained of in this case did not occur in a common area.

The plaintiff asserts that a mechanism in the toilet tank broke and that there was water leaking from the back of the toilet. The defendants were notified both before and after the mechanism broke that there was water leaking on the floor. In his responses to the interrogatories, the plaintiff stated that the defendants personally inspected the toilet and directed him to turn off the cut-off value after he used the toilet on each occasion. Plaintiff asserts that the defendants did not have the toilet repaired in the time period that they indicated. The plaintiff states that

he eventually slipped, fell, and injured himself as a result of water on the floor when he tried to turn off the cut-off value after using the toilet.

In his answers to the interrogatories, plaintiff stated that, at the time the premises were leased, the defendants agreed that they would reenter the premises to maintain and repair the inside of the premises as needed. He further states that the defendants were negligent by not repairing the water leak around the toilet and not repairing the broken toilet in a timely manner.

Virginia follows the general common law rule that a lessor is under no implied covenant to repair or keep in repair demised premises. *Caudill v. Gibson Fuel Co.*, 185 Va. 233, 240, 38 S.E.2d 465 (1946). Further, Virginia holds that the failure of a landlord to fulfill his promise to repair property in possession and control of a tenant does not impose upon him any liability in tort. *Paytan v. Rowland*, 208 Va. 24, 27, 155 S.E.2d 36 (1967); *Caudill, supra,* at 240. Last, Virginia does not allow a recovery for injuries in tort to a tenant which result from a breach of an agreement to repair. *Paytan, supra,* at 27; *Caudill, supra,* at 241.

At best, the allegations in the motion for judgment and the plaintiff's answers to the interrogatories maintain that the defendants and the plaintiff agreed that the defendants could reenter the premises to maintain and repair the inside of the premises. This is merely an agreement to repair the premises. Pursuant to this agreement, the defendants actually did enter the premises at the request of the plaintiff to inspect the defective toilet. Although they did not have repairs to the toilet made within the time in which the plaintiff maintains they agreed to make the repairs (one day), they have no liability. As noted above, under Virginia common law, there is no tort recovery for a landlord's breach of an agreement to repair the premises.

The plaintiff maintains that the common law rule does not apply if the defendants have a right to reenter the premises. In this case, there is no evidence that the defendants had a general right to reenter. The agreement was that they would reenter to make repairs to the premises. This does not deny the plaintiff his exclusive possession of the premises.

Last, the plaintiff maintains that Amherst County has an ordinance that places a duty on the landlord to maintain the premises. Plaintiff, however, has not presented any evidence that this ordinance supersedes the common law of Virginia. Virginia follows the Dillon Rule that localities derive their authority to adopt ordinances from the legislature. The Court can find no legislative enactment which gives a locality the

authority to supersede the common law rule that a landlord has no duty to maintain premises of a tenant or that the landlord is not liable if he fails to fulfill an agreement that requires him to make repairs. In a similar situation, the Virginia Supreme Court has held that the statewide building code does not supersede the common law rule that a landlord is not required to maintain the premises. *Wohlford v. Quesenberry*, 259 Va. 259, 261-62, 523 S.E.2d 821 (2000).