# CIRCUIT COURT OF THE CITY OF NORFOLK

Sherill L. Christian

v.

Nelson A. Corniel

August 28, 2007

Case No. CL07-2991

BY JUDGE ALFRED M. TRIPP

This case came before the Court on August 6, 2007, for hearing on the Demurrer filed by defendant, Nelson A. Corniel. I have reviewed the pleadings and the memoranda submitted by the parties and have considered the arguments presented by counsel for both parties. The following will set forth the Court's rulings on the Demurrer.

*Background*

On May 16, 2007, plaintiff, Sherill L. Christian, by her counsel, John B. Gaides, Esq., filed a Complaint for personal injuries against the defendant, Corniel, alleging that on or about December 30, 2005, plaintiff was a visitor to the defendant's rental property located at 2614 Westminster Avenue in Norfolk, Virginia, and that she "was caused to fall and injure herself due to the defective and dangerous condition of defendant's property which he negligently failed to maintain, repair, or warn plaintiff and others of said condition." The Complaint also alleges that, under both Virginia common law and the International Property Maintenance Code (and its predecessors as adopted by the Commonwealth of Virginia), the defendant had the duty and obligation to keep the premises in a reasonably safe condition for his tenants, customers, and business visitors. The Complaint

further alleges that "the defendant knew, or in the exercise of due diligence should have known that said premises were in a dangerous and defective condition in that a step and/or stair was loose and/or broken."

On June 7, 2007, defendant's counsel, James A. Cales, III, Esq., filed a Demurrer alleging that the plaintiff is an acquaintance of Sharon Oliver, the lessee of the property owned by the defendant. The Demurrer asserts that the plaintiff's Complaint fails to state a claim upon which relief can be granted for the following reasons: that it fails to describe how the step is defective and/or dangerous, that it is devoid of any allegation that the condition of the step was not an event with a sudden onset, that it is devoid of any allegation that any timely notice was given to the defendant, that it fails to assert that the defendant attempted to conceal the alleged defect, and that it is devoid of any allegation that the premises were not under the exclusive control of the lessee, Sharon Oliver.

This case came before the Court on August 6, 2007, for a hearing on defendant's Demurrer. Plaintiff's counsel provided the Court with a copy of plaintiff's Reply Memorandum to defendant's Demurrer, and defendant's counsel provided the Court with copies of Virginia Supreme Court cases cited in the Demurrer: *Wohlford v. Quesenberry*, 259 Va. 259 (2000), and *Isbell v. Commercial Investment Associates, Inc.*, 273 Va. 605 (2007). The Court heard the arguments of both counsel.

## Legal Standard

According to the Code of Virginia § 8.01-273, a defendant who wishes to argue "that a pleading does not state a cause of action or . . . fails to state facts upon which the relief demanded can be granted" may file a demurrer to that effect. In ruling on a demurrer, the "trial court is required to consider as true all material facts that are properly pleaded." *Luckett v. Jennings*, 246 Va. 303, 307 (1993). The filing of a demurrer, however, "does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71 (1988).

## Analysis

In her Complaint, plaintiff alleges that the defendant knew or should have known that "a step and/or stair was loose and/or broken" on the lessee's premises. Furthermore, the Complaint alleges that the defendant "had a duty and obligation to keep said premises in a reasonable, safe condition" under the Virginia common law and the International Property Maintenance Code (hereafter, "IPMC").

Defendant's Demurrer argues that the plaintiff "fails to identify any breach of a legal duty owing to her." Plaintiff's Reply Memorandum to defendant's Demurrer raises (in addition to duties under the IPMC) duties of care under the Virginia Construction Code and federal regulation alleged to be applicable to defendant as part of the Shelter Plus Care program of the federal Housing and Urban Development agency.

In this case, the central issues are whether the Defendant had a duty to maintain the leased premises under either the common law or the applicable statutes, and, if so, whether that duty was breached.

*Statutes*

The cases addressing the landlord's duties under the IPMC hold that, where the lessee is in exclusive possession of the premises, the lessee is required to maintain the premises as stated under the Code. In *Wohlford v. Quesenberry*, the Supreme Court was asked to determine whether, under Uniform Statewide Building Code (hereafter, "USBC")[1] the landlord or the tenant was responsible for the maintenance or repair of the premises. Under the USBC, the owner of property is required to maintain the property, and all sidewalks, driveways, and "similar areas shall be kept in a proper state of repair, and maintained free from hazardous conditions." Virginia Maintenance Code §§ 301.2 and 302.3 (2003). Under the common law, if the lease is silent, the tenant has such responsibilities. However, in *Wohlford*, the plaintiff claimed that USBC shifted those responsibilities to the landlord. The Court held that "because the tenant was the person in control of the premises," he was considered an "owner" under USBC, and was responsible for maintenance and repair under the USBC. *Wohlford*, 259 Va. at 262.

Plaintiff also argues that defendant, Corniel, violated federal housing standards. The property in this case was leased from the defendant as a part of the Shelter Plus Care Program for subsidized housing under the auspices of the Norfolk Redevelopment and Housing Authority (hereafter, "NRHA"). Landlords participating in the Shelter Plus program are required to meet the requirements promulgated in the federal Housing Quality Standards ("HQS"),

---

[1] Part III of the Uniform Statewide Building Code is the Virginia Maintenance Code. Section 102 of the Virginia Maintenance code incorporates the International Property Maintenance Code.

which provides that "exterior stairs, halls, porches, [etc.] must not present a danger of tripping and falling . . . broken or missing steps or loose boards are unacceptable." 24 C.F.R. 982.401(g)(2)(iv) (2004).

There does not appear to be any case law directly addressing the duties owed under the Shelter Plus Program, but federal district courts have found that the duties under a similar housing statute do not give rise to a private cause of action against the landlord. In one case, the court held that Section 8 of the Housing and Community Development Act of 1974 ("HCDA") "authorizes public housing authorities to enter into contracts with landlords through which the government subsidizes lower-income housing." *Riviera v. Phillips Housing Services*, 2001 U.S. Dist. LEXIS 8939, at *3 (S.D. N.Y. 2001). The court in *Rivera* held that the federal housing standards under § 8 of the Housing and Community Development Act did not create a private cause of action against the landlord. *Id.* at *12-13. HQS was one of the "federal housing standards" addressed in the court's holding. *Id.* at *7, n. 10.

It is apparent that the Virginia statutory requirements do not place a duty on the landlord to maintain property where the lessee has complete possession of the premises. In addition, HQS does not give rise to a private cause of action against the landlord. Therefore, the plaintiff does not have a cause of action against the defendant under either the applicable Virginia statutes or federal property maintenance requirements.

## Common Law

Plaintiff's second argument is that the defendant breached the landlord's common law duty to maintain the premises. In her Reply Memorandum, plaintiff claims that the lessee, Sharon Oliver, previously reported to the defendant's maintenance man, that the steps had been "cracked by a concrete truck, which came to pour concrete next door" and the maintenance man promised to "personally relay the information regarding the damaged step to Mr. Corniel." Reply Memorandum at 1-2. Furthermore, plaintiff maintains that Oliver complained to NRHA about the damaged steps, but they were never fixed while she was a tenant. Based on these facts, plaintiff argues that the defendant knew or should have known about the damaged step and had a duty to repair them.

Under the common law, a landlord has a duty to maintain the property in a reasonable state of repair. However, when the owner surrenders control of the premises to the lessee:

in the absence of any warranty of their condition or fraudulent concealment of *known* defects, or agreement to repair, he is not liable to the lessee or to his invitees for defects known to the lessee, or which he could have discovered by reasonable inspection, and the invitee stands in the shoes of the lessee with respect to his right to recover from the lessor. *Appalachian Power Co. v. Sanders*, 232 Va. 189, 193, 349 S.E.2d 101, 104 (1986) (emphasis in the original). *See also, Paytan v. Rowland*, 208 Va. 24, 26, 155 S.E.2d 36, 37 (1967) (holding that landlord has no duty to maintain property under the exclusive control of the tenant, but does have a duty to use ordinary care to maintain in a reasonably safe condition any part of the premises reserved for the common use of all tenants).

In *Gumenick v. United States*, 213 Va. 510, 193 S.E.2d 788 (1973), the Court held that the defendant landlord was liable to the plaintiff for injuries sustained in a fall resulting from the collapse of a back porch railing where plaintiff was visiting the defendant's apartment building. *Gumenick*, 213 Va. at 511. The porch railing in that case was "open and unprotected" and served two adjoining apartments, and the evidence presented at trial showed that segments of the railing were decayed and "rotten all the way out." *Id.* at 514. The Court held that:

[i]t was the duty of [the landlord] to maintain the porch and the railings . . . in a reasonable state of repair. In the exercise of reasonable care [the landlord] had full authority and the duty to make reasonable inspections . . . and to make needed repairs. If, in the exercise of ordinary care, the [landlord] could have discovered the defective condition of the rail in time to have repaired it or replace the defective rail prior to the occasion of plaintiff's fall and injury, they should have done so.

*Id.* at 516.

However, the facts in the present case are distinguishable from those in *Gumenick* because, in that case, the damaged porch was not in the exclusive possession of the tenant. Furthermore, an expert for the plaintiff testified that the damage to the rail was more than two years old. *Id.* at 515.

## Conclusion

The Court finds that the plaintiff's Complaint fails to allege sufficient facts to support her cause of action. The Complaint alleges that the premises were in a defective condition in that the step and/or stair was loose and/or broken, and that the defendant knew or should have known about the damage, yet allowed said dangerous and defective condition to exist. These facts, if taken as true, do not give rise to a cause of action against the landlord. Under common law, it is the responsibility of the tenant to maintain leased premises, and the landlord is only liable where he conceals a defect or undertakes to fix the property and is negligent in doing so. The facts alleged in the Complaint in this case do not raise those issues. On Demurrer, the Court is required to consider only those facts alleged in the Complaint. However, even if the Court were to consider the additional allegations in plaintiff's Reply Memorandum, plaintiff still has no cause of action against the defendant.

Defendant, Corniel, requests that the Demurrer be sustained and judgment be entered on his behalf. In the Court's view, the defects in the Complaint cannot be remedied by amendment. For that reason, the Court will sustain the Demurrer without leave to amend and dismiss this action with prejudice.